1  GREG J. ROCKWELL, ESQ. (SBN 67305)
   grockwell@bjg.com
2  JILL P. SAZAMA, ESQ. (SBN 214215)
   jsazama@bjg.com
3  BOORNAZIAN, JENSEN & GARTHE
   A Professional Corporation
4  555 12th Street, Suite 1800
   P. O. Box 12925
5  Oakland, CA 94604-2925
   Telephone: (510) 834-4350
6  Facsimile: (510) 839-1897

7  Attorneys for Defendant ALAMEDA
   COUNTY MEDICAL CENTER
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11 JOHN HUTCHENS, ZAMORA MOTON,  )  Case No.: 07 CV 05600 BZ
                                 )
12         Plaintiffs,            )  ALAMEDA COUNTY MEDICAL
                                 )  CENTER'S NOTICE OF MOTION AND
13 vs.                           )  MOTION TO DISMISS PURSUANT TO
                                 )  FED. R. CIV. P. 12(B)(6);
14 ALAMEDA COUNTY MEDICAL CENTER,)  MEMORANDUM OF POINTS AND
   and DOES 1-20,                )  AUTHORITIES IN SUPPORT OF
15                               )  SAME
           Defendants.           )
16                               )  Date: February 6, 2008
                                    Time: 10:00 a.m.
17                                  Dept: Courtroom G, 15th Floor

18 ─────────────────────────────

19 **TO PLAINTIFFS AND ALL OTHER PARTIES AND THEIR ATTORNEYS OF**

20 **RECORD:**

21        **PLEASE TAKE NOTICE THAT** on **February 6, 2008** at **10:00 a.m.**, or as soon

22 thereafter as the matter may be heard, in Courtroom G before the Honorable Bernard Zimmerman

23 in the San Francisco Courthouse of the above-captioned court, located at 450 Golden Gate Ave.,

24 San Francisco, California, defendant ALAMEDA COUNTY MEDICAL CENTER (hereafter

25 "ACMC") will and hereby does move to dismiss all causes of action alleged against it in the

26 Complaint for Damages and Injunctive Relief (hereafter "Complaint") filed by plaintiffs JOHN

27                                      -1-

28 ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
   CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
   POINTS AND AUTHORITIES IN SUPPORT THEREOF
   Case no. 07-CV-05600 BZ

HUTCHENS and ZAMORA MOTON (hereafter "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ACMC so moves on the grounds that Plaintiffs' claims are barred by ACMC's qualified immunity; Plaintiffs' state law claims are time-barred for failure to present a claim to ACMC as required by the California Government Tort Claims Act; Plaintiffs' state law claims are barred by various state law immunities; and as to Plaintiff's Civil Code section 52.1 claim, it fails to state a claim. Therefore, all claims against defendant ACMC should be dismissed.

This motion is supported by this notice of motion, the accompanying memorandum of points and authorities, a request for judicial notice and such other records and documents on file with the court and/or that may be lawfully presented at the time of hearing on this matter.

DATED: January 2, 2008

                                          BOORNAZIAN, JENSEN & GARTHE
                                          A Professional Corporation

                               By: _____/s/ Jill Sazama, Esq._____
                                      JILL P. SAZAMA, ESQ.
                                      Attorneys for Defendant
                                    ALAMEDA COUNT MEDICAL
                                        CENTER

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## OF MOTION TO DISMISS

Because Plaintiffs' complaint in this case fails to state a claim, defendant ALAMEDA COUNTY MEDICAL CENTER (hereafter "ACMC") hereby moves to dismiss all causes of action therein pursuant to Federal Rule of 12(b)(6). Qualified immunity exists in favor of ACMC. As for Plaintiffs' state law claims, they are time-barred, and are barred by several state law immunities. Their Civil Code section 52.1 claim is also insufficiently pleaded. For the foregoing reasons, ACMC respectfully requests that its motion to dismiss be granted, and the Complaint against ACMC be dismissed.

-2-

## I. FACTUAL BACKGROUND

Plaintiffs JOHN HUTCHENS and ZAMORA MOTON (hereafter "Plaintiffs") sue ACMC for injuries they claim to have suffered when a protective "hold" was placed on Plaintiffs' then-newborn child by an Alameda County social worker, Rudolpho Hernandez. Complaint, at 2:6-18. Their child was born in November 2005 at Highland Hospital, one of the hospitals operated by ACMC. *Id.*, at 1:24-26; Request for Judicial Notice (hereafter "RJN"), at 1:27. An initial hold was placed on Plaintiff's newborn after a test performed on plaintiff Moton, the infant's mother, came back positive for narcotics. Complaint at 2:1-6. That hold was lifted shortly thereafter, however, once it was revealed that the source for the positive test was a prescription of Tylenol with Codeine given by the hospital to Ms. Moton. *Id.* at 2:6-10.

However, Mr. Hernandez afterward re-instituted the hold, allegedly because he had reviewed "the past history of Plaintiff Moton and her contacts several years ago with Alameda County Social Services." *Id.* at 2:11-15, 2:21-23. It is this second hold that is the source of Plaintiff's complaint.

Once the hold was re-instituted, Plaintiffs' access to their child was restricted by ACMC personnel. Plaintiffs were not all denied access to their newborn, however. Instead they complain that "defendants at the hospital . . . would not allow Plaintiff Moton to have the baby alone in her room." Complaint, at 2:14-16. Plaintiff Moton was furthermore "required to move out of her room and was given a small cot in the waiting room next to the nursery, and was not allowed visitors." *Id.* at 2:18-19.

"The following Monday," Mr. Hernandez informed the Plaintiffs that there would be a custody hearing to determine the fate of the baby. *Id.* at 2:23-25. The hearing was held that afternoon at the Alameda County Department of Social Services. *Id.* at 2:25-26. Neither ACMC nor any of its employees or agents are alleged to have participated in this hearing.

At the hearing, Plaintiffs allege that Mr. Hernandez did not advance any good grounds "to assert that Plaintiff Hutchens was in any way unqualified to have custody of the baby." *Id.* at 3:8-

-3-

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ

10. Ultimately "Hernandez and Alameda County Social Services" released the hold on the baby, and Plaintiffs were allowed to take the baby home from the hospital. *Id.* at 3:12-14.

In terms of ACMC's wrongful conduct, it is very limited. The allegations are clear that it was Mr. Hernandez, not ACMC, who made the decision to re-institute the hold. *Id.* at 2:11-15. Plaintiffs admit that Mr. Hernandez is not employed by ACMC, but rather by the County of Alameda, a separate public entity. Complaint at 2:6-7; RJN, at 1;22 - 2:13. ACMC is not legally responsible for Mr. Hernandez' actions. Plaintiffs nevertheless claim that, based on the above facts, ACMC allegedly "conspired with, acted in concert and unlawfully cooperated with Hernandez and Alameda County Social Services in the unlawful seizure and detention of the baby without due process of law . . . ." Complaint at 3:20-23. ACMC also allegedly "refused the parents' request to take appropriate steps to release their baby, even though they were holding the baby without a warrant or other legal process." *Id.* at 3:24-26.

Plaintiffs served a California government tort claim on the County of Alameda on May 2, 2006. Complaint at 4:1-4. They admit that they have never served such a claim on ACMC. Instead, they assert as a legal conclusion that the claim which they presented to the County of Alameda "constituted service on the defendant Alameda County Medical Center." *Id.* at 4:4-6. As set forth below, that assertion is legally groundless.

On November 3, 2006, Plaintiffs initially filed suit in this court against the Alameda County Department of Social Services, Alameda County Department of Children and Family Services, and against Mr. Hernandez individually. Original Complaint in *Hutchens, et al. v. County of Alameda, et al.*, United States District Court, Northern District of California, case no. 06-CV-6840 SBA, hereafter "*Hutchens I*". This case pre-dates the instant suit.

Although Plaintiffs never served process on ACMC, Plaintiffs asked in *Hutchens I* that the court deem service of process on the County of Alameda as effective service on ACMC. RJN at 2:19 – 3:2.) Judge Armstrong in *Hutchens I* correctly denied these attempts. RJN at 3:1-2.) She ordered Plaintiffs to serve all defendants in *Hutchens I* by October 3, 2007. RJN at 3:3-4.

-4-

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ

Plaintiffs missed this October 3rd deadline. *See* RJN at 3:5-8. Instead, on November 2, 2007, Plaintiffs filed the instant Complaint in this case.

Plaintiffs delineate no individual causes of action in the instant Complaint. They allege that they are bringing an action pursuant to 42 U.S.C. section 1983. Complaint, at 1:18-20. They also appear to claim that ACMC is liable for false imprisonment, intentional "or" negligent infliction of emotional distress, violation of their California constitutional due process rights and rights against unlawful searches and seizures, and violation of their rights as protected by California Civil Code section 52.1. Complaint, at 4:7-13.

As set forth below, this Complaint is not well-pleaded. Therefore, ACMC respectfully requests that its motion to dismiss be granted.

## II.  ARGUMENT

### A.  ACMC Has Qualified Immunity

A public entity is only liable under 42 U.S.C. section 1983 where it has a policy, custom or practice that violates the constitutional rights of an individual. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). It bears no respondeat superior liability for the acts or omissions of employees. (*Ibid.*) Instead a public entity such as ACMC must have had to have a policy, custom or practice of engaging in conduct that violates the Plaintiffs' constitutional rights.

In California, if a mother tests positive for a controlled substance, the law requires that a needs assessment be performed before the infant may be released from the hospital. Cal. Penal Code § 11165.13; Cal. Health & Saf. Code § 123605. The assessment may be made by a health practitioner or a medical social worker. Cal. Health & Saf. Code § 123605, subd. (b). State law requires that this assessment include identifying any needed services for the mother, child or family, and determining the "level of risk to the newborn upon release to the home and the corresponding level of services and intervention, if any, necessary to protect the newborn's health and safety, including referral to the county welfare department for child welfare services." *Id.* at §123605, subd. (c)(2). A social worker, in turn, may under California law

> [t]ake into and maintain temporary custody of, **without a warrant**, a minor . . . who

-5-

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ

the social worker has reasonable cause to believe is a person described in subdivision (b)[1] or (g)[2] of [Welf. & Instit. Code] Section 300, and the social worker has reasonable cause to believe that the minor has an immediate need for medical care or is immediate danger of physical or sexual abuse or the physical environment poses an immediate threat to the child's health or safety.

Cal. Welf. & Instit. Code § 306(a)(2) (emphasis added). Subdivisions (b) and (g) of section 300 describe situations in which a child is in substantial risk of being abused, or has been left without any support.

After a hold is instituted, the social worker is to immediately inform the minor's parent or guardian that the child has been taken into protective custody. Cal. Welf. & Instit. Code § 307.4, subd. (a). The social worker is also, among other things, required to place the child in a "facility authorized by law to care for the child." Cal. Welf. & Instit. Code § 308, subd. (a). If a child is taken into custody while in the care of a "physician or surgeon or a hospital, . . . and cannot be immediately moved," "the child shall **be deemed to have been taken into temporary custody and delivered to the social worker . . . while the child is at the . . . medical facility**." Cal. Welf. & Instit. Code § 309, subd. (b) (emphasis added).

The actions taken in this case are consistent with the foregoing. After Ms. Moton's positive narcotics test, a temporary hold was instituted and a social worker was called, consistent with Health and Safety Code section 123605. The hold was lifted once the source of the positive

---

[1] Section 300(b) of the Welfare and Institutions Code provides in relevant part:
> The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or the willful or negligent failure of the child's parent or guardian to adequately supervise or protect the child from the conduct of the custodian with whom the child has been left, or by the willful or negligent failure of the parent or guardian to provide the child with adequate food, clothing, shelter, or medical treatment, or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse. . . . .

[2] Section 300 (g) of the Welfare and Institutions Code provides:
> The child has been left without any provision for support; physical custody of the child has been voluntarily surrendered pursuant to Section 1255.7 of the Health and Safety Code and the child has not been reclaimed within the 14-day period specified in subdivision (e) of that section; the child's parent has been incarcerated or institutionalized and cannot arrange for the care of the child; or a relative or other adult custodian with whom the child resides or has been left is unwilling or unable to provide care or support for the child, the whereabouts of the parent are unknown, and reasonable efforts to locate the parent have been unsuccessful.

-6-

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ

test was discovered to be the drug prescription. However Mr. Hernandez re-instituted a second hold, based on other information that he had discovered. That decision was his, not ACMC's. ACMC was not alleged to be privy to his decision-making process, and there is no allegation that ACMC had any reason or basis to question his decision.

Because the infant was a newborn, and was already at Highland Hospital (part of ACMC), he simply remained at Highland while the dependency investigation progressed. Welf. & Instit. Code § 309. This too is consistent with California law.

Nevertheless, Plaintiffs now blame ACMC for enforcing the hold that Mr. Hernandez imposed. As the foregoing facts show, ACMC is entitled to qualified immunity.

In order to decide whether an entity is entitled to qualified immunity, the court must determine (1) what constitutionally protected right was violated, (2) whether the right was so clearly established at the time of the incident that a reasonable official would have been aware that the conduct violated constitutional bounds, and (3) whether a reasonable public official could have believed the alleged conduct was lawful. *Hydrick v. Hunter*, 500 F.3d 978, 988-89 (9th Cir. 2007).

Turning to the first element, ACMC did not violate Plaintiffs' constitutional rights by observing the hold placed on Plaintiffs' newborn by Mr. Hernandez. Plaintiffs complain that the hold was "without a warrant and without an adequate investigation," and that it violated their constitutional right to familial association. However, California law permits a temporary hold **without a warrant** where the circumstances meet the relevant statutory requirements, i.e. there exists an immediate need for such a hold. Whether the hold was with, or without, adequate investigation was not within ACMC's knowledge.

Plaintiffs assert that it was later determined that there was in fact no basis for such a hold. However there are no facts to suggest that ACMC had any reason to believe at the time that the hold was groundless. Plaintiffs' allegations make clear that ACMC did not participate in the decision to re-institute the hold. Both the original and second hold were instituted by Mr. Hernandez. He is a duly authorized employee of the County of Alameda, a separate entity from

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ

ACMC. Complaint, at 2:6-8; RJN, at 1:22 – 2:13. ACMC is not responsible for, or a part of, his decision-making process.

Even with the hold in place, Plaintiffs' access to their child was not completely cut off. Plaintiffs admit that they were not denied all access to their child. Rather, they were permitted supervised, restricted access. While they object strenuously to being supervised or restricted in any way, these measures were reasonable under the circumstances of what ACMC understood to be a temporary protective hold necessary to protect an at-risk child. ACMC submits that its alleged actions do not rise to the level of a constitutional violation.

As to the second element, Plaintiffs' allegations fail to show that a reasonable official would have known that ACMC's actions were unconstitutional. As far as ACMC knew, a duly authorized social worker had deemed Plaintiffs' newborn to be in immediate danger (the standard required for a hold under California law), and so had instituted a hold. ACMC had no information to doubt this assessment.

Finally, as to the third element, a reasonable public official in ACMC's place would have believed that ACMC was acting lawfully. Again, a duly authorized social worker had instituted a temporary hold on a newborn. ACMC's hospital took custody of the newborn while this hold was investigated. ACMC's actions were to restrict and supervise the parents' access with their newborn. All access was not taken away. Plaintiffs were simply not allowed to take their baby home, nor were they allowed unsupervised access to their child. Given that the hold was in place, these actions were not excessive or unreasonable.

To the extent Plaintiffs condemn ACMC for the hold itself, again, that was Mr. Hernandez's decision, not ACMC's. Mr. Hernandez is not an employee of ACMC. No facts are alleged to suggest that ACMC had any reason to doubt the lawfulness of Mr. Hernandez' decision. ACMC respectfully submits that, given that Mr. Hernandez' conduct appeared authorized by law and not unconstitutional, a reasonable public official could have believed it to be lawful. ACMC simply did its best to strike a fair balance between the interests of the state in protecting an

-8-

(ostensibly) endangered child, and the interests of the parents in having unrestricted access to their child. ACMC should not be penalized for merely following the apparently lawful directives of a duly authorized third party, especially when those directives suggest that a newborn may be in danger. This is precisely the situation qualified immunity was intended to protect.

Plaintiffs' allegations do not overcome ACMC's qualified immunity. Even if Plaintiffs can show their constitutional rights were violated, ACMC had no reason to believe that it was acting in any way other than lawfully. Therefore, ACMC requests that its motion to dismiss based on qualified immunity be granted.

### B. Plaintiffs' State Law Claims Are Time-Barred

Turning exclusively to Plaintiffs' state law claims (Complaint, at 4:6-13), these claims are, at the outset, time-barred, under California Government Tort Claims Act. "Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." *Munoz v. State of California*, 33 Cal.App.4th 1767, 1776 (1995); Cal. Gov. Code §§ 905, 905.2, 911.2, 945.4. Current law, and the law in place at the time of the events in question, requires the injured party to present a claim within six months of his or her cause of action. Cal. Gov. Code §§ 911.2, 945.4. If the injured party fails to file a timely claim, a written application may be made to the public entity for leave to present a late claim, provided, however, that the application is made within a reasonable time, "**not to exceed one year of the accrual of the cause of action.**" Cal. Gov. Code § 911.4.

Here, Plaintiffs admit that they have never presented a claim to ACMC. Complaint, at 4:3-6. The allegedly wrongful acts all took place in November 2005. There is no basis for tolling alleged. At the latest, the six-month claims presentment deadline ran out by June 2006. The tort claims act gave Plaintiffs a year after the accrual of the claim (or until November 2006) to file suit and seek leave to proceed without filing a claim. Cal. Gov. Code § 911.4. Plaintiffs failed to seek

-9-

leave. California case authority establishes that presenting a claim (and otherwise following the requirements of the Tort Claims Act) is a jurisdictional requirement. *Dixon v. City of Turlock*, 219 Cal. App. 3d 907, 913 (Cal. Ct. App. 1990). Once the year deadline has passed, neither the public entity nor the courts have any discretion to waive or otherwise relieve a party from his or her failure to file a timely claim or file an application to seek to file suit without a claim. *Ibid.* Since Plaintiffs have never filed a claim with ACMC, their state law claims are now irretrievably barred.

Plaintiffs' only defense to the foregoing is their argument that "service of the tort claim on the County of Alameda constituted service on the defendant Alameda County Medical Center." This is of course a legal conclusion, which court is not required to accept as true. This is fortunate, because this argument is without merit.

As set forth in detail in the accompanying request for judicial notice, ACMC and the County are separate public entities. California Health & Safety Code section 101850 permitted the County of Alameda to create an independent public hospital authority "for the purpose of effecting a transfer of the management, administration, and control of the [Alameda County] medical center in accordance with Section 14000.2 of the Welfare and Institutions Code." Cal. Health & Safety Code § 101850, subd. (b). Section 101850 specifically provides that if the County creates such a public hospital authority, it shall be a separate public entity from the County:

> **A hospital authority created pursuant to this chapter shall be a legal entity separate and apart from the county** and shall file the statement required by Section 53051 of the Government Code. **The hospital authority shall be a government entity separate and apart from the county, and shall not be considered to be an agency, division, or department of the county**. The hospital authority shall not be governed by, nor be subject to, the charter of the county and shall not be subject to policies or operational rules of the county, including, but not limited to, those relating to personnel and procurement.

Cal. Health & Safety Code § 101850, subd. (j) (emphasis added).

Pursuant to this statute, in 1998, the County enacted Ordinance 0-98-56. A copy of this ordinance is attached as part of Exhibit 1 to the Request for Judicial Notice herein. This ordinance created the Alameda County Medical Center hospital authority as a separate public entity from the

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ

County. ACMC is governed by a Board of Trustees separate and apart from the County Board of Supervisors. The Alameda County Medical Center appears on the California Secretary of State's Roster of Public Agencies as a separate public agency. RJN, Exhibit 1 (Roster of Public Agencies).

Given that the Count and ACMC are separate public entities, California case authority holds that Plaintiffs' presentment of a claim to the County does not operate as service of such a claim to ACMC. *See, e.g. Santee v. Santa Clara County Office of Educ.*, 220 Cal. App. 3d 702, 713-714 (Cal. Ct. App. 1990). Again, ACMC and the County are totally separate public entities. They are each run by a separate boards. As the court in *Santee v. Santa Clara County Office of Educ.* held, under these circumstances, presentment of a claim on the County does not effectuate presentment of a claim on ACMC. *Ibid.*

Because Plaintiffs never presented a claim to ACMC, Plaintiffs' state law claims are still time-barred. Therefore, Plaintiffs' state law claims should be dismissed without leave to amend.

### C. Plaintiffs' State Law Claims are Barred by State Law Immunities

Even if Plaintiffs' state law claims were not time-barred, various state law immunities bar Plaintiffs' state claims against ACMC. Under the California Tort Claims Act, "[e]xcept as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815, subd. (a). "The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person." Cal. Gov. Code § 815, subd. (b); *Jacqueline T. v. Alameda County Child Protective Services*, 155 Cal. App. 4th 456, 464 (Cal. Ct. App. 2007)

Government Code section 820.4 immunizes public employees for their acts or omissions, while exercising due care, in the execution or enforcement of any law. Here, Plaintiffs appear to hold ACMC liable for enforcing the temporary hold that Mr. Hernandez imposed on Plaintiffs'

-11-

newborn infant. ACMC had no reason to know or believe that there was anything unlawful about that hold. Therefore, pursuant section 820.4, ACMC is immune for its actions in enforcing the hold.

Government Code section 820.2 also immunizes ACMC to the extent that ACMC's acts and omissions regarding the hold were discretionary. Section 820.2 immunizes a public employee for acts or omissions that were the result of the exercise of discretion vested in him, regardless of whether that discretion was abused. Here, Plaintiffs complain that ACMC observed and followed the hold that Mr. Hernandez had imposed. To the extent that Plaintiffs' claim that ACMC had discretion to ignore, or supersede, the requirements of the hold imposed by Mr. Hernandez, ACMC asserts that it is immune from liability for this discretionary decision, pursuant to Government Code section 820.2.

Government Code section 821.6 also immunizes ACMC. Section 821.6 immunizes a public entity for any injury caused by a public employee instituting or prosecuting any judicial or administrative proceeding within the scope of his or her employment. Cal. Gov. Code § 821.6. While ACMC was not the instigator of the hold, ACMC's actions were necessary in order to protect the newborn while the child abuse investigation was proceeding. Since ACMC's actions in enforcing the hold were incidental to the investigation, ACMC and its personnel are immune under section 821.6. *Jacqueline T. v. Alameda County Child Protective Services*, 155 Cal. App. 4th 456, 468 (Cal. Ct. App. 2007) (holding an employee's incidental actions taken in the course of investigating a child abuse case are immune).

Finally, Plaintiffs are seeking punitive or exemplary damages against ACMC. Complaint, at 4:22-24. To the extent Plaintiffs seek punitive damages against ACMC based on their state law claims, Government Code section 818 bars such claims against public entities. For this additional reason, ACMC's motion should be granted with respect to Plaintiffs' punitive damages claims.

### D. Plaintiffs' Civil Code Section 52.1 Claim is Not Well-Pleaded

Lastly, Plaintiffs' claim under California Civil Code section 52.1 fails on its face. Section

-12-

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ

52.1 reads in pertinent part:

> (a) If a person or persons, whether or not acting under color of law, interferes *by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion*, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . .
>
> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, *as described in subdivision (a),* may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured. (emphasis added)

Plaintiffs nowhere allege that ACMC engaged in any threats, intimidation, or coercion. In order to sustain a violation of Civil Code section 52.1, a plaintiff must show an attempted or completed act of interference with a legal right, *accompanied by a form of coercion. City and County of San Francisco v. Ballard*, 136 Cal.App.4th 381, 408 (2006). "The language of section 52.1 provides remedies for 'certain misconduct that interferes with' federal or state laws, *if accompanied by threats, intimidation, or coercion, and whether or not state action is involved.*" *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004), citing *Jones v. Kmart Corp.*, 17 Cal.4th 329, 338 (1998) (emphasis added). Because Plaintiffs have not pled, and under no circumstances did there exist, any conduct by ACMC rising to the level of a threat of violence, intimidation, or coercion, Plaintiffs fail to satisfy the requirements for a claim under California Civil Code section 52.1. For this additional reason, ACMC's motion to dismiss should be granted.

### III.  CONCLUSION

Plaintiffs' claims against ACMC are meritless. ACMC is entitled to qualified immunity for its role in enforcing the second temporary hold. ACMC should not be penalized for attempting to protect Plaintiffs' newborn, especially since it acted reasonably by allowing Plaintiffs access to their son. ACMC had no reason to doubt the lawfulness of Mr. Hernandez' hold, and had good

1  reason to believe its own actions were lawful. It is entitled to qualified immunity.

2  As for Plaintiffs' state law claims, they are time-barred by the California Tort Claims Act.
3  Plaintiffs knew from their first lawsuit that ACMC was a separate entity from the County of
4  Alameda. They were told in no uncertain terms that ACMC had to be served separately. They
5  never bothered to serve a claim on ACMC. Their claims are now time-barred.

6  Even if the state law claims were not time-barred, ACMC is immunized from liability by
7  various state law immunities. Moreover, Plaintiffs' Civil Code section 52.1 claim is not well-
8  pleaded.

9  For all of the foregoing reasons, defendant ACMC respectfully requests that the court grant
10 this motion in its entirety without leave to amend.

11 DATED: January 2, 2008

12                                                    BOORNAZIAN, JENSEN & GARTHE
                                                      A Professional Corporation

14                                                    By:    /s/ Jill Sazama, Esq.
15                                                           JILL P. SAZAMA, ESQ.
                                                             Attorneys for Defendant
16                                                           ALAMEDA COUNT MEDICAL
                                                             CENTER

24981\421502

-14-

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07-CV-05600 BZ