1  GREG J. ROCKWELL, ESQ. (SBN 67305)
   grockwell@bjg.com
2  JILL P. SAZAMA, ESQ. (SBN 214215)
   jsazama@bjg.com
3  BOORNAZIAN, JENSEN & GARTHE
   A Professional Corporation
4  555 12th Street, Suite 1800
   P. O. Box 12925
5  Oakland, CA  94604-2925
   Telephone: (510) 834-4350
6  Facsimile: (510) 839-1897

7  Attorneys for Defendant  ALAMEDA
   COUNTY MEDICAL CENTER
8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11  JOHN HUTCHENS, ZAMORA MOTON,        )   **Case No.:  07 CV 05600 SBA**
                                        )   **Related case: 06 CV 06870 SBA**
12           Plaintiffs,                )
                                        )   **ALAMEDA COUNTY MEDICAL**
13  vs.                                 )   **CENTER'S NOTICE OF MOTION AND**
                                        )   **MOTION TO DISMISS PURSUANT TO**
14  ALAMEDA COUNTY MEDICAL CENTER,)     **FED. R. CIV. P. 12(B)(6);**
    and DOES 1-20,                      )   **MEMORANDUM OF POINTS AND**
15                                      )   **AUTHORITIES IN SUPPORT OF**
             Defendants.                )   **SAME**
16                                      )
                                        )   **Date:  Tuesday, March 25, 2008**
17                                      )   **Time:  1:00 p.m.**
                                        )   **Dept:  Courtroom 3, 3rd Floor**
18  _____)
                                            Complaint filed on November 2, 2007
19

20  **TO  PLAINTIFFS  AND  ALL  OTHER  PARTIES  AND  THEIR  ATTORNEYS  OF**

21  **RECORD:**

22          **PLEASE TAKE NOTICE THAT** on **Tuesday, March 25, 2008** at **1:00 p.m.,** or as soon

23  thereafter as the matter may be heard, in Courtroom 3, 3rd Floor, before the Honorable Saundra B.

24  Armstrong in the Oakland Courthouse of the above-captioned court, located at 1301 Clay Street,

25  Oakland, California, defendant ALAMEDA COUNTY MEDICAL CENTER (hereafter "ACMC")

26  will and hereby does move to dismiss all causes of action alleged against it in the Complaint for

27
                                         -1-
28  ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
    CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
    POINTS AND AUTHORITIES IN SUPPORT THEREOF
    Case no. 07 CV 5600 SBA

1 Damages and Injunctive Relief (hereafter "Complaint") filed by plaintiffs JOHN HUTCHENS and

2 ZAMORA MOTON (hereafter "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil

3 Procedure.  ACMC so moves on the grounds that Plaintiffs have failed to state to state a claim

4 against ACMC; Plaintiffs' state law claims are time-barred for failure to present a claim to ACMC

5 as required by the California Government Tort Claims Act; Plaintiffs' state law claims are barred

6 by various state law immunities; and as to Plaintiff's Civil Code section 52.1 claim, it fails to state

7 a claim.  Therefore, all claims against defendant ACMC should be dismissed.

8     This motion is supported by this notice of motion, the accompanying memorandum of

9 points and authorities, a request for judicial notice and such other records and documents on file

10 with the court and/or that may be lawfully presented at the time of hearing on this matter.

11 DATED:  February 19, 2008

12           BOORNAZIAN, JENSEN & GARTHE
          A Professional Corporation

13

14          By:  _____/s/  Jill Sazama, Esq._____

15           JILL P. SAZAMA, ESQ.
          Attorneys for Defendant

16           ALAMEDA COUNT MEDICAL
          CENTER

-2-

28 ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## OF MOTION TO DISMISS

### TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | FACTUAL BACKGROUND………………………………………….. | 3 |
| II. | ARGUMENT……………………………………………… | 5 |
|  | A.   Plaintiff Has Failed to Allege Sufficient Facts to State a Section 1983 Claim Against ACMC.........………………………………. | 5 |
|  | 1.   Plaintiffs Have Failed to Allege Facts to Support a Violation of Their Constitutional Rights by ACMC……………………........... | 5 |
|  | 2.   ACMC Did Not Have Customs or Policies Which Amount to Deliberate Indifference to Plaintiffs' Constitutional Rights……….. | 10 |
|  | 3.   ACMC's Policies or Customs Were Not the Moving Force Behind the Alleged Violation…………………………………….. | 10 |
|  | B.   Plaintiffs' State Law Claims Are Time-Barred…………………. | 11 |
|  | C.   Plaintiffs' State Law Claims are Barred by State Law Immunities……………………………………………………….. | 12 |
|  | D.   Plaintiffs' Civil Code Section 52.1 Claim is Not Well-Pleaded…. | 13 |
| III. | CONCLUSION……………………………………………….. | 14 |

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA

1

**TABLE OF AUTHORITIES**

2                                                                        **Page**

**Cases**

3    *Arnold v. Internat'l Business Machines Corp.*, 637 F.2d 1350
     (9th Cir. 1981)……………………………………………….....    5
4
     *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397 (1997)…………….....……..    6
5
     *City and County of San Francisco v. Ballard*, 136 Cal.App.4th 381 (Cal. Ct. App.
6    2006)..............................................................................................................    14

7    *Curnow v. Ridgecrest Police,* 952 F.3d 321 (9th Cir. 1991) …………………….    6

8    *Dixon v. City of Turlock*, 219 Cal. App. 3d 907 (Cal. Ct. App. 1990)…………….    11

9    *Jacqueline T. v. Alameda County Child Protective Services*, 155 Cal.App.4th 456
     (Cal. Ct. App. 2007)………………………………………………….    12, 13
10
     *Jones v. Kmart Corp.*, 17 Cal.4th 329 (Cal. 1998)……………………………….    14
11
     *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)…………………….....    5
12
     *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)………………………….....    5, 7
13
     *Munoz v. State of California*, 33 Cal.App.4th 1767 (Cal. Ct. App. 1995)…………    11
14
     *Papasan v. Allain*, 478 U.S. 265 (1986)………...………………………………….    12
15
     *Santee v. Santa Clara County Office of Educ.*, 220 Cal.App.3d 702 (Cal. Ct. App.
16   1990)……………………………………………………..........................    12

17   *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (Cal. 2004)…………………….    14

18

**Statutory Authority**
19
     42 U.S.C. section 1983……………………………………………………..….    3, 5, 7,9,
20                                                                                        10

21   California Civil Code section 52.1……………………………………………….    5,13-14

22   Cal. Gov. Code § 815………....………………………………………….....    12

23   Government Code section 818………………………………………………….    13

24   Government Code section 820.2………………………………………………….    13

25   Government Code section 820.4………………………………………………….    12, 13

26   Cal. Gov. Code § 821.6………………………………………………………….    13

27                                                 ii

Cal. Gov. Code § 905………………………………………………………..    11

Cal. Gov. Code § 905.2………………………………………………………    11

Cal. Gov. Code § 911.2………………………………………………………    11

Cal. Gov. Code § 911.4………………………………………………………    11

Cal. Gov. Code § 945.4………………………………………………………    11

Cal. Health & Safety Code § 101850…………………………………………    6, 7

Cal. Health & Saf. Code § 123605…………………………………………..    8

Cal. Penal Code § 11165.13…………………………………………………..    8

Cal. Welf. & Instit. Code § 300 ……………………………………………    8

Cal. Welf. & Instit. Code § 306 (a)(2)………………………………………..    8

Cal. Welf. & Instit. Code § 308, subd. (a)……………………………………    9

Cal. Welf. & Instit. Code § 309, subd. (b)……………………………………    9

**Other Authority**

Alameda County Ordinance 0-98-56……………………………………………    7

W. Prosser, Law of Torts § 41 at 238-39 (4th ed. 1971)……………………...    5

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA

1        Because Plaintiffs' complaint in this case fails to state a claim, defendant

2    ALAMEDA COUNTY MEDICAL CENTER (hereafter "ACMC") hereby moves to

3    dismiss all causes of action therein pursuant to Rule 12(b)(6) of the Federal Rules of Civil

4    Procedure.  Plaintiffs have failed to allege sufficient facts to support their 42 U.S.C.

5    section 1983 claim against ACMC.  As for Plaintiffs' state law claims, they are time-

6    barred, and are barred by several state law immunities.  Any Civil Code section 52.1 claim

7    is also insufficiently pleaded.  For the foregoing reasons, ACMC respectfully requests that

8    its motion to dismiss be granted, and the Complaint against ACMC be dismissed.

9    **I.     FACTUAL BACKGROUND**

10        Plaintiffs JOHN HUTCHENS and ZAMORA MOTON (hereafter "Plaintiffs") sue ACMC

11    for injuries they claim to have suffered when a protective "hold" was placed on Plaintiffs' then-

12    newborn child by an Alameda County social worker, Rudolpho Hernandez.  Complaint, at 2:6-18.

13    Their child was born in November 2005 at Highland Hospital, one of the hospitals operated by

14    ACMC.  *Id.*, at 1:24-26; Request for Judicial Notice (hereafter "RJN"), at 1:27.  An initial hold

15    was placed on Plaintiff's newborn after a test performed on plaintiff Moton, the infant's mother,

16    came back positive for narcotics.  Complaint at 2:1-6.  That hold was lifted shortly thereafter, once

17    it was revealed that the source for the positive test was a prescription of Tylenol with Codeine

18    given by the hospital to Ms. Moton.  *Id.* at 2:6-10.

19        However, Mr. Hernandez afterward re-instituted the hold, because he had reviewed "the

20    past history of Plaintiff Moton and her contacts several years ago with Alameda County Social

21    Services."  *Id.* at 2:11-15, 2:21-23.  ACMC was not a part of, nor was it privy to Mr. Hernandez'

22    decision-making process.  It is this second hold that is the source of Plaintiff's complaint.

23        Once the hold was re-instituted by Mr. Hernandez, Plaintiffs' access to their child was

24    restricted by ACMC.  Plaintiffs were not all denied access to their newborn.  Instead they complain

25    that "defendants at the hospital . . . would not allow Plaintiff Moton to have the baby alone in her

26    room."  Complaint, at 2:14-16.  Plaintiff Moton was furthermore "required to move out of her

27

28

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA

1    room and was given a small cot in the waiting room next to the nursery, and was not allowed

2    visitors." *Id.* at 2:18-19.

3        Mr. Hernandez informed the Plaintiffs that the following Monday there would be a custody

4    hearing to determine the fate of the baby. *Id.* at 2:23-25. The hearing was held that afternoon at

5    the Alameda County Department of Social Services. *Id.* at 2:25-26. Neither ACMC nor any of its

6    employees or agents is alleged to have instigated or participated in this hearing.

7        At the hearing, Plaintiffs claim that Mr. Hernandez did not advance any good grounds "to

8    assert that Plaintiff Hutchens was in any way unqualified to have custody of the baby." *Id.* at 3:8-

9    10. Ultimately "Hernandez and Alameda County Social Services" released the hold on the baby,

10    and Plaintiffs were allowed to take the baby home from the hospital. *Id.* at 3:12-14.

11        Plaintiffs served a California government tort claim on the County of Alameda on May 2,

12    2006. Complaint at 4:1-4. They have never served such a claim on ACMC. Instead, they assert

13    as a legal conclusion that the claim which they presented to the County of Alameda "constituted

14    service on the defendant Alameda County Medical Center." *Id.* at 4:4-6.

15        On November 3, 2006, Plaintiffs initially filed suit in this court against the Alameda

16    County Department of Social Services, Alameda County Department of Children and Family

17    Services, and against Mr. Hernandez individually. Original Complaint in *Hutchens, et al. v.*

18    *County of Alameda, et al.*, United States District Court, Northern District of California, case no.

19    06-CV-6870 SBA. Plaintiffs never served process on ACMC in this first case. Instead, Plaintiffs

20    asked the court to deem service of process on the County of Alameda as effective service on

21    ACMC. RJN at 2:19 – 3:2. The court correctly denied these attempts. RJN at 3:1-2. The court

22    instead ordered Plaintiffs to serve all defendants in the first case, including ACMC, by October 3,

23    2007. RJN at 3:3-4. Plaintiffs missed this October 3rd deadline. *See* RJN at 3:5-8. Instead, on

24    November 2, 2007, Plaintiffs filed the instant Complaint herein, in a new case, case no. 07-CV-

25    5600 SBA. The two cases were related by court order on February 7, 2008.

26        Plaintiffs delineate no individual causes of action in the instant Complaint. They allege

27

-4-

28    ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA

1    that they are bringing an action pursuant to 42 U.S.C. section 1983. Complaint, at 1:18-20. They

2    also appear to claim that ACMC is liable for false imprisonment, intentional or negligent infliction

3    of emotional distress, violation of their California constitutional due process rights and rights

4    against unlawful searches and seizures, and violation of their rights as protected by California

5    Civil Code section 52.1. Complaint, at 4:7-13.

6        As set forth below, Plaintiff's claims do not state a claim, are time-barred, and are

7    otherwise barred by various state law immunities. Therefore, ACMC respectfully requests that its

8    motion to dismiss be granted.

9    **II.**      **ARGUMENT**

10        **A.**      **Plaintiff Has Failed to Allege Sufficient Facts to State a Section 1983 Claim**

11               **Against ACMC**

12        A public entity is only liable under 42 U.S.C. section 1983 where it has a policy, custom or

13    practice that violates the constitutional rights of an individual. *Monell v. Dep't of Soc. Servs.*, 436

14    U.S. 658, 691 (1978). It bears no vicarious liability for the acts or omissions of, for example, its

15    employees. (*Ibid.*) "[T]o prevail on their § 1983 claims, plaintiffs must have sufficiently alleged

16    that: (1) they were deprived of their constitutional rights by defendants and their employees acting

17    under color of state law; (2) that the defendants have customs or policies which '"amount[] to

18    deliberate indifference"' to their constitutional rights; and (3) that these policies are the '"moving

19    force behind the constitutional violation."'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681-682

20    (9th Cir. 2001). The causation requirement of sections 1983 and 1985 is not satisfied by a

21    showing of mere causation in fact. *See* W. Prosser, Law of Torts § 41 at 238-39 (4th ed. 19971).

22    Rather, the plaintiff must establish proximate or legal causation." *Arnold v. Internat'l Business*

23    *Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). The defendant's acts must be the proximate

24    cause of the injury. *Ibid.*

25        **1.**      **Plaintiffs Have Failed to Allege Facts to Support a Violation of Their**

26    **Constitutional Rights by ACMC**

27

-5-

28    ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA

1    Here, the only rights Plaintiffs claim were violated were their Fourth[1] and Fourteenth
2 Amendment rights. They claim "on information and belief" that ACMC's actions "were part of a
3 pattern and practice to seize and detain children in the absence of an emergency and in the absence
4 of a warrant, without adequate investigation . . . ." Complaint, at 4:14-17. As set forth below, this
5 claim is not supported by facts of which the Court is capable of taking judicial notice, nor is it
6 supported by prevailing case authority.

7    ACMC did not make the decision to "seize or detain" Plaintiffs' newborn. Complaint, at
8 2:14-16 ("a'hold' had again been placed on the baby, at the request of Hernandez"). ACMC did
9 not participate in the decision to re-institute the hold, nor in the investigation that led up to it.
10 Complaint, at 2:6-14. Those are alleged to have been the actions of Mr. Hernandez and/or the
11 County of Alameda. *Ibid.*

12    Mr. Hernandez's actions do not, and cannot, reflect official policy or custom for ACMC.
13 Mr. Hernandez is not an employee of ACMC. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397,
14 403-404 (1997). Mr. Hernandez is an employee of the County of Alameda. Complaint, at 2:6.
15 The County of Alameda and the Alameda County Medical Center are separate and distinct public
16 entities. California Health & Safety Code section 101850 permitted the County of Alameda to
17 create an independent public hospital authority "for the purpose of effecting a transfer of the
18 management, administration, and control of the [Alameda County] medical center in accordance
19 with Section 14000.2 of the Welfare and Institutions Code." Cal. Health & Safety Code § 101850,
20 subd. (b). Section 101850 specifically provides that if the County creates such a public hospital
21 authority, it shall be a separate public entity from the County:

> **A hospital authority created pursuant to this chapter shall be a legal entity separate and apart from the county** and shall file the statement required by Section 53051 of the Government Code. **The hospital authority shall be a government entity separate and apart from the county, and shall not be considered to be an agency, division, or department of the county.** The hospital authority shall not be governed by, nor be subject to, the charter of the county and shall not be subject to policies or operational rules of the county, including, but not limited to, those relating to personnel and procurement.

[1] Plaintiffs claims are appropriately brought under the Fourteenth Amendment, not the Fourth Amendment. *See, e.g., Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991).

-6-

1

2     Cal. Health & Safety Code § 101850, subd. (j) (emphasis added).

3           Pursuant to this statute, in 1998, the County enacted Ordinance 0-98-56.  A copy of this

4     ordinance is attached as part of Exhibit 1 to the Request for Judicial Notice herein.  This ordinance

5     created the Alameda County Medical Center hospital authority as a separate public entity from the

6     County.  ACMC is governed by a Board of Trustees separate and apart from the County Board of

7     Supervisors.  The Alameda County Medical Center appears on the California Secretary of State's

8     Roster of Public Agencies as a separate public agency.   RJN, Exhibit 1 (Roster of Public

9     Agencies).

10          Even if Plaintiffs could claim that they are suing ACMC based on the acts of one of its

11    official policymakers, Mr. Hernandez is not an employee, let alone an official of ACMC.  All of

12    the alleged actions Mr. Hernandez took were pursuant to his authority as an Alameda County

13    social worker.  He was not "speaking for" ACMC when he made his decision to reinstitute the

14    second hold.  Therefore, Mr. Hernandez's decision to reinstitute the hold cannot operate to create

15    section 1983 liability on the part of ACMC.

16          Stripped of the actions taken by Mr. Hernandez, Plaintiff's allegations regarding ACMC's

17    conduct are, in essence, that ACMC observed the hold that Mr. Hernandez placed on Plaintiffs'

18    newborn, and, pursuant to that hold, temporarily disallowed Plaintiff from seeing her newborn by

19    herself.  Complaint, at 2:14-16.  Plaintiffs claim that this conduct amounted to "unlawful[ ]

20    cooperat[ion]" with Mr. Hernandez and the County of Alameda.  Complaint, at 3:21-23.

21          This contention cannot support section 1983 liability on the part of ACMC.  To impose

22    such liability on this basis would be to, in effect, hold ACMC vicariously liable for Mr.

23    Hernandez's decisions.  ACMC cannot be vicariously liable under 42 U.S.C. section 1983.  It can

24    only be liable for its own policy, custom or practice that violates the constitutional rights of an

25    individual. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

26          The "policy" Plaintiffs seek to hold ACMC liable for is a policy of following California

27

-7-

28    ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
      CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
      POINTS AND AUTHORITIES IN SUPPORT THEREOF
      Case no. 07 CV 5600 SBA

1  law.  In California, if a mother tests positive for a controlled substance, the law requires that a

2  needs assessment be performed before the infant may be released from the hospital.  Cal. Penal

3  Code § 11165.13; Cal. Health & Saf. Code § 123605.  The assessment may be made by a health

4  practitioner or a medical social worker.  Cal. Health & Saf. Code § 123605, subd. (b).  State law

5  further requires that this assessment include identifying any needed services for the mother, child

6  or family, and determining the "level of risk to the newborn upon release to the home and the

7  corresponding level of services and intervention, if any, necessary to protect the newborn's health

8  and safety, including *referral to the county welfare department for child welfare services.*" *Id.* at

9  §123605, subd. (c)(2) (emphasis added).  A social worker, in turn, may under California law

10
11
12
13

> [t]ake into and maintain temporary custody of, without a warrant, a minor . . .
> who the social worker has reasonable cause to believe is a person described in
> subdivision (b)[2] or (g)[3] of [Welf. & Instit. Code] Section 300, and the social
> worker has reasonable cause to believe that the minor has an immediate need for
> medical care or is immediate danger of physical or sexual abuse or the physical
> environment poses an immediate threat to the child's health or safety.

14  Cal. Welf. & Instit. Code § 306(a)(2) (emphasis added).  Subdivisions (b) and (g) of section 300

15  describe situations in which a child is in substantial risk of being abused, or is left without any

16  support.

17      After a hold is instituted, the social worker is to place the child in a "facility authorized by

18

19  [2] Section 300(b) of the Welfare and Institutions Code provides in relevant part:
20      The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm
        or illness, as a result of the failure or inability of his or her parent or guardian to adequately
21      supervise or protect the child, or the willful or negligent failure of the child's parent or guardian to
        adequately supervise or protect the child from the conduct of the custodian with whom the child has
        been left, or by the willful or negligent failure of the parent or guardian to provide the child with
22      adequate food, clothing, shelter, or medical treatment, or by the inability of the parent or guardian to
        provide regular care for the child due to the parent's or guardian's mental illness, developmental
23      disability, or substance abuse. . . . .
    [3] Section 300 (g) of the Welfare and Institutions Code provides:
24      The child has been left without any provision for support; physical custody of the child has been
        voluntarily surrendered pursuant to Section 1255.7 of the Health and Safety Code and the child
25      has not been reclaimed within the 14-day period specified in subdivision (e) of that section; the child's
        parent has been incarcerated or institutionalized and cannot arrange for the care of the child; or a
26      relative or other adult custodian with whom the child resides or has been left is unwilling or unable
        to provide care or support for the child, the whereabouts of the parent are unknown, and reasonable
27      efforts to locate the parent have been unsuccessful.

-8-

28

1    law to care for the child." Cal. Welf. & Instit. Code § 308, subd. (a). If a child is taken into

2    custody while in the care of a "physician or surgeon **or a hospital**, . . . and cannot be immediately

3    moved," "the child shall **be deemed to have been taken into temporary custody** and delivered to

4    the social worker . . . **while the child is at the . . . medical facility.**" Cal. Welf. & Instit. Code §

5    309, subd. (b) (emphasis added).

6        ACMC's actions were entirely consistent with the hold that had been placed on Plaintiff's

7    child by Mr. Hernandez. Because the infant was a newborn, and was already at Highland Hospital

8    (part of ACMC), that infant simply remained at Highland while the dependency investigation

9    progressed. Welf. & Instit. Code § 309. This is consistent with California law. There is no

10    allegation that ACMC kept Plaintiffs' infant any longer than was required by the hold. There is no

11    allegation that Plaintiffs were completely deprived of any contact with their newborn. Rather, that

12    access was restricted such that Ms. Moton could not be alone with her infant.

13        ACMC did not participate in, nor was it privy to, Mr. Hernandez's decision making. This

14    is true of many entities who are confronted with a decision by a third party to institute a hold.

15    Plaintiffs now seek to impose section 1983 liability against ACMC because it observed the

16    temporary hold imposed by separate, duly authorized third party. Under such a theory of section

17    1983 liability, every entity that merely observes a temporary hold can be held, essentially,

18    vicariously liable for the decision to impose that hold. Section 1983 does not permit entities to be

19    held vicariously liability for the acts of their employees. By that same token, section 1983 should

20    not be used to impose vicarious liability on third parties who did not even participate in the

21    decision that Plaintiffs contend was unconstitutional.

22        There is no conduct by ACMC that is alleged to have constituted an independent

23    constitutional violation. A hold had been placed on Plaintiffs' child by a duly authorized social

24    worker. ACMC observed that hold, but did not do so in a manner that imposed unnecessary

25    burdens on Plaintiffs. ACMC allowed Plaintiffs access to their child under ACMC observation.

26    ACMC did not go beyond what was necessary to observe the hold that was in place. Given the

27

28

-9-

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA

1    hold that was in place, this conduct, by itself, does not rise to the level of a constitutional violation.

2    Plaintiffs have failed to allege sufficient facts to show that ACMC's policies, customs or practices

3    amounted to a violation of Plaintiffs' Fourteenth Amendment rights.  Therefore, Plaintiffs' section

4    1983 claim against ACMC should be dismissed.

5            **2.    ACMC Did Not Have Customs or Policies Which Amount to Deliberate**

6    **Indifference to Plaintiffs' Constitutional Rights**

7           By that same token, ACMC did not have any customs or policies that amounted to

8    deliberate indifference to Plaintiffs' constitutional rights.  ACMC observed the temporary hold

9    imposed by Mr. Hernandez.  Mr. Hernandez's decision does not reflect "policy" of ACMC.

10   ACMC should not be condemned for, essentially, the "policy" of observing the requirements of a

11   hold placed by a duly authorized third party, especially when ACMC did not participate in that

12   decision.  For this additional reason, Plaintiffs' section 1983 claim against ACMC should be

13   dismissed.

14           **3.    ACMC's Policies or Customs Were Not the Moving Force Behind the**

15   **Alleged Violation**

16          Finally, Plaintiffs cannot, and have not, alleged facts to show that *ACMC's* policies or

17   customs were the "moving force" behind Plaintiffs' alleged constitutional violations.  Again, the

18   gravamen of Plaintiffs' complaint is that they believe Mr. Hernandez' decision to impose the

19   second hold was improper.  That was decision was not ACMC's, nor did ACMC participate in that

20   decision.

21          ACMC alleged policy of "cooperation" with the hold was, at most, secondary to Plaintiffs'

22   alleged constitutional violation.  As far as ACMC knew, the hold was lawfully imposed by a duly

23   authorized third party.  *ACMC's policies or customs* were not the "moving force" behind

24   Plaintiffs' claimed constitutional rights violation.  The moving force was a decision previously

25   made by an unrelated third party who did not speak for, or act on behalf of, ACMC.  For this

26   additional reason, Plaintiffs' section 1983 claim against ACMC should be dismissed.

27

28

-10-

1      **B.      Plaintiffs' State Law Claims Are Time-Barred**

2            Turning exclusively to Plaintiffs' state law claims (Complaint, at 4:6-13), these claims are,

3      at the outset, time-barred, under California Government Tort Claims Act. "Generally speaking, no

4      suit for money or damages may be brought against a public entity on a cause of action for which a

5      claim is required to be presented until a written claim has been presented to the public entity and

6      has been acted upon by the board, or has been deemed to have been rejected by the board." *Munoz*

7      *v. State of California*, 33 Cal.App.4th 1767, 1776 (1995); Cal. Gov. Code §§ 905, 905.2, 911.2,

8      945.4. Current law, and the law in place at the time of the events in question, requires the injured

9      party to present a claim within six months of his or her cause of action. Cal. Gov. Code §§ 911.2,

10     945.4. If the injured party fails to file a timely claim, a written application may be made to the

11     public entity for leave to present a late claim, provided, however, that the application is made

12     within a reasonable time, "**not to exceed one year of the accrual of the cause of action.**" Cal.

13     Gov. Code § 911.4.

14           Plaintiffs admit that they have never presented a claim to ACMC. Complaint, at 4:3-6.

15     The allegedly wrongful acts all took place in November 2005. At the latest, the six-month claims

16     presentment deadline ran out by June 2006. The tort claims act gave Plaintiffs a year after the

17     accrual of the claim (or until November 2006) to file suit and seek leave to proceed without filing a

18     claim. Cal. Gov. Code § 911.4. Plaintiffs failed to seek leave. California case authority

19     establishes that presenting a claim (and otherwise following the requirements of the Tort Claims

20     Act) is a jurisdictional requirement. *Dixon v. City of Turlock*, 219 Cal. App. 3d 907, 913 (Cal. Ct.

21     App. 1990). Once the year deadline has passed, neither the public entity nor the courts have any

22     discretion to waive or otherwise relieve a party from his or her failure to file a timely claim or file

23     an application to seek to file suit without a claim. *Ibid.* Since Plaintiffs have never filed a claim

24     with ACMC, their state law claims are now irretrievably barred.

25           Plaintiffs claim that "service of the tort claim on the County of Alameda constituted service

26     on the defendant Alameda County Medical Center" is a legal conclusion, which this court is not

27

                                                        -11-

28     ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
       CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
       POINTS AND AUTHORITIES IN SUPPORT THEREOF
       Case no. 07 CV 5600 SBA

1    required to accept as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss,

2    courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  This

3    assertion is also legally baseless.

4           As set forth in the prior section, the County and ACMC are separate public entities.  As

5    such, California case authority holds that Plaintiffs' presentment of a claim to the County of

6    Alameda does not operate as presentment of such a claim to ACMC.  *See, e.g. Santee v. Santa*

7    *Clara County Office of Educ.*, 220 Cal.App.3d 702, 713-714 (1990).  Again, ACMC and the

8    County are totally separate public entities.  They are each run by a separate boards.  As the court in

9    *Santee v. Santa Clara County Office of Education* held, under these circumstances, presentment of

10   a claim on the County does not effectuate presentment of a claim on ACMC.  *Ibid.*

11          Because Plaintiffs never presented a claim to ACMC, Plaintiffs' state law claims are still

12   time-barred.  Therefore, Plaintiffs' state law claims should be dismissed without leave to amend.

13          **C.    Plaintiffs' State Law Claims are Barred by State Law Immunities**

14          Even if Plaintiffs' state law claims were not time-barred, various state law immunities bar

15   Plaintiffs' state claims against ACMC.  Under the California Tort Claims Act, "[e]xcept as

16   otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury

17   arises out of an act or omission of the public entity or a public employee or any other person."

18   Cal. Gov. Code § 815, subd. (a).  "The liability of a public entity established by this part

19   (commencing with Section 814) is subject to any immunity of the public entity provided by statute,

20   including this part, and is subject to any defenses that would be available to the public entity if it

21   were a private person."  Cal. Gov. Code § 815, subd. (b); *Jacqueline T. v. Alameda County Child*

22   *Protective Services*, 155 Cal.App.4th 456, 464 (2007).

23          Government Code section 820.4 immunizes public employees for their acts or omissions,

24   while exercising due care, in the execution or enforcement of any law.  Here, Plaintiffs appear to

25   hold ACMC liable for enforcing the temporary hold that Mr. Hernandez imposed on Plaintiffs'

26   newborn infant.  ACMC had no reason to know or believe that there was anything unlawful about

27

28

-12-

1   that hold.  Therefore, pursuant section 820.4, ACMC is immune for its actions in enforcing the

2   hold.

3          Government Code section 820.2 also immunizes ACMC to the extent that ACMC's acts

4   and omissions regarding the hold were discretionary.  Section 820.2 immunizes a public employee

5   for acts or omissions that were the result of the exercise of discretion vested in him, regardless of

6   whether that discretion was abused.  Here, Plaintiffs complain that ACMC observed and followed

7   the hold that Mr. Hernandez had imposed.  To the extent that Plaintiffs' claim that ACMC had

8   discretion to ignore, or supersede, the requirements of the hold imposed by Mr. Hernandez, ACMC

9   asserts that it is immune from liability for this discretionary decision, pursuant to Government

10  Code section 820.2.

11         Government Code section 821.6 also immunizes ACMC.  Section 821.6 immunizes a

12  public entity for any injury caused by a public employee instituting or prosecuting any judicial or

13  administrative proceeding within the scope of his or her employment.  Cal. Gov. Code § 821.6.

14  While ACMC was not the instigator of the hold, ACMC's actions were necessary in order to

15  protect the newborn while the child abuse investigation was proceeding.  Since ACMC's actions in

16  enforcing the hold were incidental to the investigation, ACMC and its personnel are immune under

17  section 821.6.  *Jacqueline T. v. Alameda County Child Protective Services*, 155 Cal. App. 4th 456,

18  468 (Cal. Ct. App. 2007) (holding an employee's incidental actions taken in the course of

19  investigating a child abuse case are immune).

20         Finally, Plaintiffs are seeking punitive or exemplary damages against ACMC.  Complaint,

21  at 4:22-24.  To the extent Plaintiffs seek punitive damages against ACMC based on their state law

22  claims, Government Code section 818 bars such claims against public entities.  For this additional

23  reason, ACMC's motion should be granted with respect to Plaintiffs' punitive damages claims.

24         **D.    Plaintiffs' Civil Code Section 52.1 Claim is Not Well-Pleaded**

25         Lastly, Plaintiffs' claim under California Civil Code section 52.1 fails on its face.  Section

26  52.1 reads in pertinent part:

27
                                              -13-

28  ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
    CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
    POINTS AND AUTHORITIES IN SUPPORT THEREOF
    Case no. 07 CV 5600 SBA

(a) If a person or persons, whether or not acting under color of law, interferes *by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion*, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . .

(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, *as described in subdivision (a),* may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured. (emphasis added)

Plaintiffs nowhere allege that ACMC engaged in any threats, intimidation, or coercion. In order to sustain a violation of Civil Code section 52.1, a plaintiff must show an attempted or completed act of interference with a legal right, *accompanied by a form of coercion. City and County of San Francisco v. Ballard* , 136 Cal.App.4th 381, 408 (2006). "The language of section 52.1 provides remedies for 'certain misconduct that interferes with' federal or state laws, *if accompanied by threats, intimidation, or coercion, and whether or not state action is involved.*" *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004), citing *Jones v. Kmart Corp.*, 17 Cal.4th 329, 338 (1998) (emphasis added). Because Plaintiffs have not pled, and under no circumstances did there exist, any conduct by ACMC rising to the level of a threat of violence, intimidation, or coercion, Plaintiffs fail to satisfy the requirements for a claim under California Civil Code section 52.1. For this additional reason, ACMC's motion to dismiss should be granted.

## III.     CONCLUSION

Plaintiffs' claims against ACMC are meritless. The section 1983 claim against ACMC fails because it seeks to impose section 1983 liability on ACMC based on a decision made by a third party, Mr. Hernandez, to impose a temporary hold. That decision was not a product of ACMC's policy, custom or practice. The actions ACMC's took pursuant to this hold did not, themselves, constitute constitutional violations, and ACMC's alleged practice of observing

-14-

1    temporary holds does not reflect "deliberate indifference" to Plaintiffs' constitutional rights.

2    Finally, *ACMC's* actions were not the "moving force" behind Plaintiff's claimed section 1983

3    claim. The moving force was the decision to impose the hold, which decision was not made by

4    ACMC.

5         As for Plaintiffs' state law claims, they are time-barred by the California Tort Claims Act.

6    Even if the state law claims were not time-barred, ACMC is immunized from liability by various

7    state law immunities. Moreover, Plaintiffs' Civil Code section 52.1 claim is not well-pleaded.

8         For all of the foregoing reasons, defendant ACMC respectfully requests that the court grant

9    this motion in its entirety without leave to amend.

10   DATED:  February 19, 2008

                          BOORNAZIAN, JENSEN & GARTHE
11                        A Professional Corporation

12

13                        By: _____/s/ Jill Sazama, Esq._____
                               JILL P. SAZAMA, ESQ.
14                             Attorneys for Defendant
                               ALAMEDA COUNT MEDICAL
15                             CENTER

16
     24981\421502
17

18

19

20

21

22

23

24

25

26

27
                                          -15-
28   ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
     CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
     POINTS AND AUTHORITIES IN SUPPORT THEREOF
     Case no. 07 CV 5600 SBA

GREG J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant ALAMEDA
COUNTY MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUTCHENS, ZAMORA MOTON, and Baby S.A., by John F. Hutchens, next friend,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY MEDICAL CENTER, and DOES 1-20,<br><br>    Defendants. | Case No.: **07 CV 5600 SBA**<br>Related case: **06 CV 06870 SBA**<br><br>**DEFENDANT ALAMEDA COUNTY MEDICAL CENTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**Date:  March 25, 2008**<br>**Time: 1:00 p.m.**<br>**Dept: Courtroom 3, 3rd floor**<br><br>Complaint Filed: November 2, 2007 |

Defendant ALAMEDA COUNTY MEDICAL CENTER (hereafter "ACMC") hereby requests, pursuant to Rule 201 of the Federal Rules of Evidence, that the court, in ruling on the ACMC's motion to dismiss, take judicial notice of the following facts:

  1.  That the Alameda County Medical Center is an independent Public Hospital Authority created in 1998 by Alameda County Ordinance #0-98-56, pursuant to the authority of California Health & Safety Code section 101850.

  2.  That ACMC is governed by its own Board of Trustees, and not by the County of Alameda Board of Supervisors.

  3.  That Highland Hospital is an acute care hospital operated by ACMC.

-1-

DEFENDANT ALAMEDA COUNTY MEDICAL CENTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center - Case No. 07 CV 5600 SBA*

1      4.    That ACMC is a separate public entity from the County of Alameda.

2      5.    Pursuant to Rule 201 of the Federal Rules of Evidence, defendant submits the

3  following information to permit the court to take judicial notice of said facts:

4          a.    A copy of Alameda County Ordinance #0-98-56, attached hereto as part of

5  Exhibit 1.

6          b.    A copy of Chapter 2.120 of Title 2 of the Alameda County Administrative

7  Code, attached hereto as part of Exhibit 1.

8          c.    A copy of the medical license issued to ACMC by the State of California

9  Department of Health Services, attached hereto as part of Exhibit 1.

10          d.    A copy of ACMC's Roster of Public Agencies filing with the California

11  Secretary of State, attached hereto as part of Exhibit 1.

12          e.    A page from the internet website for ACMC, attached hereto as part of

13  Exhibit 1.

14      6.    Plaintiffs JOHN HUTCHENS and ZAMORA MOTON (hereafter "Plaintiffs") have

15  previously filed suit against the Alameda County Department of Social Services, Alameda County

16  Department of Children and Family Services, and against Mr. Hernandez individually.  Original

17  Complaint in *Hutchens, et al. v. County of Alameda, et al.*, United States District Court, Northern

18  District of California, case no. 06-CV-6870 SBA, hereafter "*Hutchens I*".

19      7.    Although Plaintiffs never served process on ACMC in *Hutchens I*, Plaintiffs asked

20  in *Hutchens I* that the court deem service of process on the County of Alameda as effective service

21  on ACMC.  *See, e.g.,* "Motion to Join Alameda County Medical Center as a party to this case,"

22  (Document no. 55), filed on October 9, 2007, in *Hutchens I*; "Ex Parte Application with Proposed

23  Order to Rule on Status Of Alameda County Medical Center and/or Issue New Summons,"

24  (lodged between Document nos. 49 and 50), submitted to the Court on September 17, 2007 in

25  *Hutchens I*; "Motion for Extension of Time for Service of Summons and Complaint Upon

26  Defendant Alameda County Medical Center," (Document no. 53), filed on October 3, 2007, in

27

28

-2-

DEFENDANT ALAMEDA COUNTY MEDICAL CENTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. 07 CV 5600 SBA

1  *Hutchens I.* The Court did not grant this request. Order (Document 54), filed on October 3, 2007,

2  in *Hutchens I.*

3      8.      The Court further ordered that Plaintiffs serve all defendants by October 3, 2007.

4  Order (Document 51), filed on September 19, 2007, in *Hutchens I.*

5      9.      Plaintiffs never served ACMC with process, or with a claim. *Hutchens I*, passim;

6  Complaint, at 4:2-6; "Motion for Extension of Time for Service of Summons and Complaint Upon

7  Defendant Alameda County Medical Center," (Document no. 53), filed on October 3, 2007, in

8  *Hutchens I.*

9

10

11  DATED: February 19, 2008

12                              BOORNAZIAN, JENSEN & GARTHE
                                A Professional Corporation

13

14
                                By: _____/s/   Jill Sazama, Esq._____
15                                  JILL P. SAZAMA, ESQ.
                                    Attorneys for Defendant
16                                  ALAMEDA COUNT MEDICAL
                                            CENTER
17  24981\422328

18

19

20

21

22

23

24

25

26

27
                                        -3-
28  ─────────────────────────────────────────────────────────────
DEFENDANT ALAMEDA COUNTY MEDICAL CENTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. 07 CV 5600 SBA

ORDINANCE NO. O-98-56

CHAPTER 2.120 OF TITLE 2
ALAMEDA COUNTY ADMINISTRATIVE CODE
As Amended January 27, 1998

THE CREATION OF A COUNTY HOSPITAL AUTHORITY

Approved by: The Alameda County Board of
Supervisors on February 3, 1998

**Exhibit 1**

rev. 1/28/98

ORDINANCE NO. _____

AN ORDINANCE ADDING CHAPTER 2.120 TO TITLE 2 OF THE ALAMEDA
COUNTY ADMINISTRATIVE CODE REGARDING THE CREATION OF A COUNTY
HOSPITAL AUTHORITY

The Board of Supervisors of the County of Alameda ordains as follows:

SECTION I

Chapter 2.120 of Title 2 of the Alameda County Administrative Code is hereby added to read as follows:

CHAPTER 2.120 - HOSPITAL AUTHORITY

2.120.010    Declaration of Findings.
2.120.020    Creation of the Hospital Authority.
2.120.030    Hospital Authority Status; Governing Laws.
2.120.040    Hospital Authority Healthcare Delivery Structure; Public Hearing.
2.120.050    Mission and Purpose.
2.120.060    Governing Board Composition.
2.120.070    Term of Office.
2.120.080    Duties of the Hospital Authority.
2.120.090    Incremental Transfer of Powers.
2.120.100    Personnel Transition; Benefits.
2.120.110    Bylaws.
2.120.120    Conflicts of Interest.

**2.120.010    Declaration of Findings.**

The Board of Supervisors of the County of Alameda does hereby find and declare as follows:

(a)    The Alameda County Medical Center presently consists of Highland General Hospital, Fairmont Hospital, the John George Psychiatric Pavilion, the Alameda Health Center, the Eastern Health Center, the Hayward Health Center, the Central Health Center and the Newark Health Center.

(b)     The Alameda County Medical Center provides medical and health services both independently and in conjunction with other components of the public and private health care networks in Alameda County including, but not limited to, the criminal justice system, the County public health, mental health and substance abuse programs, and community hospitals and health centers.

(c)     The County has historically contracted with several community based organizations which provide primary care services for the indigent and special needs populations in Alameda County at privately owned clinic facilities;

(d)     Due to the challenges facing the County of Alameda arising from changes in the public and private health industries, the community services provided by the existing Alameda County Medical Center could be more efficiently, effectively or economically provided by an independent hospital authority than by the County;

(e)     The creation of an independent hospital authority strictly and exclusively dedicated to the management, administration, and control of the Medical Center, in a manner consistent with the county's obligations under Section 17000 of the Welfare and Institutions Code, is the best way to fulfill its commitment to the medically indigent, special needs, and general populations of Alameda County in a manner that constitutes an ongoing material benefit to the county and its residents.

(f)     The Board of Supervisors has the authority to create a hospital authority for these purposes, as set forth in Section 101850 of the Health and Safety Code ("Section 101850").

(g)     That the county medical facilities currently known as the Alameda County Medical Center shall be governed, as set forth herein below, by a hospital authority ("Hospital Authority").

(h)     The Hospital Authority shall operate within the parameters established by Section 101850 and by the Board of Supervisors by way of this ordinance, amendments thereto, if any, formal written agreements and bylaws to be adopted by the Board of Supervisors;

(i)     The Hospital Authority shall be comprised of persons qualified as set forth in the bylaws.

2.120.020    Creation of the Hospital Authority

(a)    Having found it necessary to transfer specific powers and duties associated with the governance, administration, maintenance operation and control of the Medical Center to the Hospital Authority, the Board of Supervisors hereby creates and establishes a hospital authority pursuant to section 101850 of the Health and Safety Code.

(b)    The Hospital Authority created pursuant to this ordinance shall be known as the Alameda County Medical Center. The Board of Trustees of the Hospital Authority may recommend to the Board of Supervisors a change in name and an amendment to the Hospital Authority bylaws reflecting such change in name. A change in the name of the Hospital Authority would become effective upon the bylaws amendment. Any name change must be reported to the appropriate agencies of the State of California and accreditation bodies. Upon adoption of this ordinance the terms "Alameda County Medical Center" or "Medical Center" may be used interchangeably with the terms "Alameda County Hospital Authority" or "Hospital Authority" for the purposes of making reference to the hospital authority being created pursuant to this ordinance.

(c)    The Hospital Authority shall comply with the provisions of section 53051 and register with the Secretary of State as a public agency.

(d)    At all times applicable, the Hospital Authority shall govern and administer the Alameda County Medical Center in a manner consistent with section 101850, this ordinance, the Bylaws of the Hospital Authority and formal written agreements.

(e)    Pursuant to Section 101850(ll) and the provisions of this ordinance, the creation and establishment of the Hospital Authority shall not constitute a transfer of governance, maintenance, operation or management of the Alameda County Medical Center without the satisfactory completion of specific tasks, and the execution of documents, agreements and/or contracts as set forth in the Board of Supervisors-approved Hospital Authority Governance Implementation Plan.

2.120.030    Hospital Authority Status; Governing Laws

(a)    The Hospital Authority is hereby designated a legal entity separate and apart from the County of Alameda subject to the limitations and requirements as set forth in Section 101850(j). The Hospital Authority shall not be a division or department of

3

the County of Alameda, and shall not be an agent of the County except where specifically provided. The obligations or liabilities of the Hospital Authority shall be the obligations or liabilities solely of the Hospital Authority and shall not be the obligations or liabilities of the County of Alameda.

(b)     The Hospital Authority is hereby deemed a public agency for purposes of eligibility with respect to grants and other funding and loan guarantee programs pursuant to Section 101850(gg).

(c)     The provisions of Section 101850 pertaining to the Tort Claims Act, the Myers-Milias-Brown Act, the Public Records Act and the Brown Act shall immediately take effect.

2.120.040     Hospital Authority Healthcare Delivery Structure; Public Hearings

(a)     The medical facilities owned by the County of Alameda and governed, maintained, operated and administered by the Hospital Authority shall consist of Highland General Hospital, Fairmont Hospital, the John George Psychiatric Pavilion, the Alameda Health Center, the Eastern Health Center, the Hayward Health Center, the Central Health Center, the Newark Health Center and the hospital-based clinics located at Highland General Hospital and Fairmont Hospital.



(b)     The Hospital Authority shall provide the Alameda County Board of Supervisors 60 days notice prior to closing a facility, eliminating or reducing the level of medical services provided. Such notice shall include a statement of impact as specified by Alameda County or required pursuant to Health and Safety Code Section 1442.5.

2.120.050     Mission and Purpose.

The Alameda County Medical Center is committed to maintaining and improving the health of all Alameda County residents, regardless of ability to pay.

The Alameda County Medical Center will provide comprehensive, high quality medical treatment, health promotion and health maintenance through an integrated system of hospitals, clinics, and health services staffed by individuals who are responsive to the diverse cultural needs of our community.

The Alameda County Medical Center, as a training institution, is committed to maintaining an environment that is supportive of a wide range of educational programs and activities.

4

Education, including continuing education, of medical students, residents, nursing and other staff, along with clinical research, are all essential components of our environment.

The purpose of the Alameda County Medical Center is to manage, administer and control the Alameda County Medical Center, a group of public hospitals and ambulatory care clinics, in a manner that assures accessible, cost effective, quality medical care.

2.120.060    Governing Board Composition

The governing body of the Hospital Authority shall be known as the Hospital Authority's Board of Trustees. The membership of the Board of Trustees shall be as appointed by majority vote of the Board of Supervisors pursuant to ordinance. The composition of the Board of Trustees, the qualifications for membership, the manner of appointment and selection, and the manner of removal of members of the Board of Trustees shall be as set forth in the Bylaws of the Hospital Authority.

2.120.070    Term of Office.

A term as Trustee shall be as set forth in the Bylaws of the Hospital Authority.

2.120.080    Duties of Hospital Authority.

The Hospital Authority shall provide direction and oversight for the day-to-day operations of the Alameda County-owned hospitals and clinics as set forth in formal written agreements with the County of Alameda and as set forth in the Bylaws to the extent such duties and responsibilities are consistent with said written agreements and the provisions of Section 101850.

2.120.090    Incremental Transfer of Powers.

(a)    The transfer of the governance, administration, operations and maintenance of the Alameda County Medical Center shall occur in an incremental manner through a series of coordinated phases. The intent of this phased-in implementation is to coordinate the transfer and to make it as smooth as possible for the patient population and for affected employees, staff, and governing board members.

(b)    The effective date of transfer of governance shall be the date of execution of the master services contract, county support services contract and the facilities leases

identified in the Implementation Plan and the transfer of the general acute care hospital license.

(c)    The individual phases shall be implemented as set forth in the Hospital Authority Governance Implementation Plan approved by the Board of Supervisors. The Implementation Plan shall provide for: 1. prerequisites to the formal transfer of operations and maintenance of the Medical Center; 2. the formal transfer of the operations and maintenance; 3. the transfer of the personnel. Progress on these phases may occur concurrently except as otherwise provided in the Transition Plan. The formal transfer of operations shall not occur until the prerequisites for such transfer have been substantially completed. The transfer of personnel shall not occur until the formal transfer of governance.

(d)    The County of Alameda may lend the Hospital Authority funds in a manner consistent with applicable law and county policy.

(e)    The Hospital Authority may engage in marketing, advertising, and promotion of the medical and health care services to be made available to the community at the Medical Center.

(f)    The Hospital Authority shall accept the assignment and delegation of all contracts in which the County of Alameda is a party on behalf of the Alameda County Medical Center. Once assigned, the Hospital Authority shall possess those rights and perform the duties previously attributed to the County of Alameda, including the right to terminate the contracts pursuant to the contract terms.

2.120.100    Personnel Transition; Benefits.

(a)    The Board of Supervisors shall adopt a personnel transition plan as set forth in Section 101850(w).

(b)    In the event the Hospital Authority elects to hire personnel in preparation for the transfer of the maintenance, operation, administration and management of the Medical Center prior to the execution of formal written agreements that provides for such transfer, those employees shall be eligible to participate in the County Employees Retirement System pursuant to Section 101850(s) and applicable law.

(c)    A transfer of functions from county employee classifications to the Hospital Authority prior to the transfer of the maintenance, operation, administration and management of the Medical Center, if any, shall result in the recognition of affected

employee organizations pursuant to Section 101850(v) and the operation of the memorandum of understanding that is in effect at that time pursuant to Section 101850(x).

### 2.120.110    Bylaws.

(a)    The Board of Supervisors shall adopt a set of bylaws for the Hospital Authority that supersedes the existing bylaws of the Medical Center. The bylaws shall become operative upon approval by a majority vote of the Board of Supervisors. Any changes or amendments to the bylaws shall be by majority vote of the Board of Supervisors.

(b)    The bylaws shall provide, in detail, for the operation of the Hospital Authority, and shall contain articles pertaining to, at minimum, the following areas:

(1)    Structure of the Medical Center;
(2)    Mission and purposes of the Alameda County Medical Center;
(3)    Qualifications for membership on the Hospital Authority Board of Trustees;
(4)    Composition and term of office;
(5)    Vacancies and removal;
(6)    Compensation;
(7)    Conflict of interest;
(8)    Duties and responsibilities of Board of Trustees members;
(9)    Powers and duties of the Hospital Authority;
(10)    Meetings
(11)    Committees
(12)    Officers
(13)    Medical Staff
(14)    Indemnification
(15)    Amendment and review of bylaws

### 2.120.120    Conflicts of Interest.

The Hospital Authority and its officers shall conduct activities in a manner that is in conformity with the laws of the State of California as they pertain to conflicts of interest, including, but not limited to, the following:

(a) Political Reform Act.

The Hospital Authority shall adopt and promulgate a Conflict of Interest Code pursuant to the provisions of the Political Reform Act of 1974, and shall be submitted to the Fair Political Practices Authority or other appropriate code reviewing body within six months of the date the Hospital Authority came into existence pursuant to the effective date of this ordinance. Each member of the Hospital Authority governing board is subject to the provisions of the Political Reform Act, and will be required to execute a "statement of economic interests" in a manner consistent with the Act and the Conflict of Interest Code.

(b) Financial Interests Involving Contracts.

Each member of the Hospital Authority governing board shall be subject to the provisions of the California Government Code (§ 1090, et seq.) relating to personal financial interests in contracts made by the Hospital Authority.

(c) Common Law Conflict of Interest.

Each Hospital Authority governing board member and officer shall discharge his or her duties with integrity and fidelity and may not let private interests influence public decisions.

(d) Incompatible Activities.

Hospital Authority members and officers may be subject to the provisions of the California Government Code (§ 1125, et seq.) pertaining to activities for compensation which are incompatible with the duties connected to the Hospital Authority.

SECTION II

Section 2.100.040 of Chapter 2.100 of Title 2 of the Alameda County Administrative Code is amended to read as follows:

2.100.040    General powers and duties.

(a)    Subject to the direction and control of the Board of Supervisors, and to applicable state laws, rules and regulations and local ordinances not inconsistent therewith, the Health Care Services Agency Director ("Director") shall be in charge of and

8

responsible for the coordination and direction of the public health department, behavioral care department, mental health programs, drug abuse programs, alcoholism programs, and any other programs in the health care field which the Board of Supervisors may in the future assign to the agency. The Director shall have those powers and duties as set forth in the Administrative Code and as otherwise assigned by the Board of Supervisors to the Director.

(b)     The Director shall recommend to the Board of Supervisors contractual agreements with other agencies for the provision of certain special services deemed medically necessary, and for which the County could not reasonably, effectively, or efficiently provide. The Director shall monitor performance under such contracts and advise the Board of Supervisors on matters related thereto.

(c)     The Director may exercise his or her authority through subordinate administrators.

(d)     The Director shall report to the board of supervisors any unusual occurrence or matter which, in his or her judgment, requires remedial or corrective action by the Board of Supervisors.

(e)     The terms of this section shall become operative upon transfer of governance as provided in this chapter.

SECTION III

This ordinance shall take effect and be in force thirty (30) days from and after the date of passage, and before the expiration of fifteen (15) days after its passage, shall be published once with the names of the members voting for and against the same in the Inter-City Express, a newspaper published in the said County of Alameda.

Adopted by the Board of Supervisors of the County of Alameda, State of California, on this

_____ day of _____, by the following called vote:

AYES: Supervisors

NOES: Supervisors

EXCUSED:    Supervisors

_____

PRESIDENT OF THE BOARD OF SUPERVISORS,
County of Alameda, State of California

ATTEST:      LESLIE BURNS, Acting Clerk
                    of the Board of Supervisors,
                    County of Alameda, State of California

By: _____

y:\acmc\authord.112

10

Adopted by the Board of Supervisors of the County of Alameda, State of California, on this

3rd day of February, 1998 , by the following called vote:

AYES: Supervisors    Haggerty, King, Steele and President Carson – 4

NOES: Supervisors    None

EXCUSED:   Supervisors Chan – 1

_____
PRESIDENT OF THE BOARD OF SUPERVISORS,
County of Alameda, State of California

ATTEST:    LESLIE BURNS, Acting Clerk
of the Board of Supervisors,
County of Alameda, State of California

By:    _____

y:\acmc\authord.112

Approved as to Form
DOUGLAS HICKLING, County Counsel

By: _____

10

## Chapter 2.120 HOSPITAL AUTHORITY

2.120.010 Declaration of findings.

2.120.020 Creation of the hospital authority.

2.120.030 Hospital authority status; governing laws.

2.120.040 Hospital authority healthcare delivery structure; public hearings.

2.120.050 Mission and purpose.

2.120.060 Governing board composition.

2.120.070 Term of office.

2.120.080 Duties of hospital authority.

2.120.090 Incremental transfer of powers.

2.120.100 Personnel transition; benefits.

2.120.110 Bylaws.

2.120.120 Conflicts of interest.

## 2.120.010 Declaration of findings.

The board of supervisors of the county of Alameda does hereby find and declare as follows:
A. The Alameda County Medical Center presently consists of Highland General Hospital, Fairmont Hospital, the John George Psychiatric Pavilion, the Alameda Health Center, the Eastern Health Center, the Hayward Health Center, the Central Health Center and the Newark Health Center.
B. The Alameda County Medical Center provides medical and health services both independently and in conjunction with other components of the public and private health care networks in Alameda County including, but not limited to, the criminal justice system, the county public health, mental health and substance abuse programs, and community hospitals and health centers.
C. The county has historically contracted with several community-based organizations which provide primary care services for the indigent and special needs populations in Alameda County at privately owned clinic facilities.
D. Due to the challenges facing the county arising from changes in the public and private health industries, the community services provided by the existing Alameda County Medical Center could be more efficiently, effectively or economically provided by an independent hospital authority than by the county.
E. The creation of an independent hospital authority strictly and exclusively dedicated to the management, administration, and control of the medical center, in a manner consistent with the county's obligations under Section 17000 of the Welfare and Institutions Code, is the best way to fulfill its commitment to the medically indigent, special needs, and general populations of Alameda County in a manner that constitutes an ongoing material benefit to the county and its residents.
F. The board of supervisors has the authority to create a hospital authority for these purposes, as set forth in Section 101850 of the Health and Safety Code ("Section 101850").
G. The county medical facilities currently known as the Alameda County Medical Center shall be governed, as set forth herein below, by a hospital authority ("hospital authority").
H. The hospital authority shall operate within the parameters established by Section 101850 and by the board of supervisors by way of this chapter, amendments thereto, if any, formal written agreements and bylaws to be adopted by the board of supervisors.

I. The hospital authority shall be comprised of persons qualified as set forth in the bylaws. (Ord. 98-56 § 1 (part))

## 2.120.020 Creation of the hospital authority.

A. Having found it necessary to transfer specific powers and duties associated with the governance, administration, maintenance, operation and control of the medical center to the hospital authority, the board of supervisors hereby creates and establishes a hospital authority pursuant to Section 101850 of the Health and Safety Code.

B. The hospital authority created pursuant to this chapter shall be known as the Alameda County Medical Center. The board of trustees of the hospital authority may recommend to the board of supervisors a change in name and an amendment to the hospital authority bylaws reflecting such change in name. A change in the name of the hospital authority would become effective upon the bylaws amendment. Any name change must be reported to the appropriate agencies of the state of California and accreditation bodies. Upon adoption of the ordinance codified in this chapter the terms "Alameda County Medical Center" or "medical center" may be used interchangeably with the terms "Alameda County Hospital Authority" or "hospital authority" for the purposes of making reference to the hospital authority being created pursuant to this chapter.

C. The hospital authority shall comply with the provisions of Section 53051 and register with the Secretary of State as a public agency.

D. At all times applicable, the hospital authority shall govern and administer the Alameda County Medical Center in a manner consistent with Section 101850, this chapter, the bylaws of the hospital authority and formal written agreements.

E. Pursuant to Section 101850(ll) and the provisions of this chapter, the creation and establishment of the hospital authority shall not constitute a transfer of governance, maintenance, operation or management of the Alameda County Medical Center without the satisfactory completion of specific tasks, and the execution of documents, agreements and/or contracts as set forth in the board of supervisors-approved hospital authority governance implementation plan. (Ord. 98-56 § 1 (part))

## 2.120.030 Hospital authority status; governing laws.

A. The hospital authority is hereby designated a legal entity separate and apart from the county subject to the limitations and requirements as set forth in Section 101850(j). The hospital authority shall not be a division or department of the county, and shall not be an agent of the county except where specifically provided. The obligations or liabilities of the hospital authority shall be the obligations or liabilities solely of the hospital authority and shall not be the obligations or liabilities of the county.

B. The hospital authority is hereby deemed a public agency for purposes of eligibility with respect to grants and other funding and loan guarantee programs pursuant to Section 101850(gg).

C. The provisions of Section 101850 pertaining to the Tort Claims Act, the Myers-Milias-Brown Act, the Public Records Act and the Brown Act shall immediately take effect. (Ord. 98-56 § 1 (part))

## 2.120.040 Hospital authority healthcare delivery structure; public hearings.

A. The medical facilities owned by the county of Alameda and governed, maintained, operated and administered by the hospital authority shall consist of Highland General Hospital, Fairmont Hospital, the John George Psychiatric Pavilion, the Alameda Health Center, the Eastern Health Center, the Hayward Health Center, the Central Health Center, the Newark Health Center and the hospital-based clinics located at Highland General Hospital and Fairmont Hospital.

B. The hospital authority shall provide the Alameda County board of supervisors sixty (60) days' notice prior to closing a facility, eliminating or reducing the level of medical services provided. Such notice shall include a statement of impact as specified by Alameda County or required pursuant to Health and Safety Code Section 1442.5. (Ord. 98-56 § 1 (part))

## 2.120.050 Mission and purpose.

The Alameda County Medical Center is committed to maintaining and improving the health of all Alameda County residents, regardless of ability to pay.

The Alameda County Medical Center will provide comprehensive, high quality medical treatment, health promotion and health maintenance through an integrated system of hospitals, clinics, and health services staffed by individuals who are responsive to the diverse cultural needs of our community.

The Alameda County Medical Center, as a training institution, is committed to maintaining an environment that is supportive of a wide range of educational programs and activities.

Education, including continuing education, of medical students, residents, nursing and other staff, along with clinical research, are all essential components of our environment.

The purpose of the Alameda County Medical Center is to manage, administer and control the Alameda County Medical Center, a group of public hospitals and ambulatory care clinics, in a manner that assures accessible, cost effective, quality medical care. (Ord. 98-56 § 1 (part))

## 2.120.060 Governing board composition.

The governing body of the hospital authority shall be known as the hospital authority's board of trustees. The membership of the board of trustees shall be as appointed by majority vote of the board of supervisors pursuant to ordinance. The composition of the board of trustees, the qualifications for membership, the manner of appointment and selection, and the manner of removal of members of the board of trustees shall be as set forth in the bylaws of the hospital authority. (Ord. 98-56 § 1 (part))

## 2.120.070 Term of office.

A term as trustee shall be as set forth in the bylaws of the hospital authority. (Ord. 98-56 § 1 (part))

## 2.120.080 Duties of hospital authority.

The hospital authority shall provide direction and oversight for the day-to-day operations of the Alameda County-owned hospitals and clinics as set forth in formal written agreements with the county of Alameda and as set forth in the bylaws to the extent such duties and responsibilities are consistent with said written agreements and the provisions of Section 101850. (Ord. 98-56 § 1 (part))

## 2.120.090 Incremental transfer of powers.

A. The transfer of the governance, administration, operations and maintenance of the Alameda County Medical Center shall occur in an incremental manner through a series of coordinated phases. The intent of this phased-in implementation is to coordinate the transfer and to make it as smooth as possible for the patient population and for affected employees, staff, and governing board members.

B. The effective date of transfer of governance shall be the date of execution of the master services contract, county support services contract and the facilities leases identified in the implementation plan and the transfer of the general acute care hospital license.

C. The individual phases shall be implemented as set forth in the hospital authority governance implementation plan approved by the board of supervisors. The implementation plan shall provide for: (1) prerequisites to the formal transfer of operations and maintenance of the medical center; (2) the formal transfer of the operations and maintenance; (3) the transfer of the personnel. Progress on these phases may occur concurrently except as otherwise provided in the transition plan. The formal transfer of operations shall not occur until the prerequisites for such transfer have been substantially completed. The transfer of personnel shall not occur until the formal transfer of governance.

D. The county may lend the hospital authority funds in a manner consistent with applicable law and county policy.

E. The hospital authority may engage in marketing, advertising, and promotion of the medical and health care services to be made available to the community at the medical center.

F. The hospital authority shall accept the assignment and delegation of all contracts in which the county of Alameda is a party on behalf of the Alameda County Medical Center. Once assigned, the hospital authority shall possess those rights and perform the duties previously attributed to the county of Alameda, including the right to terminate the contracts pursuant to the contract terms. (Ord. 98-56 § 1 (part))

## 2.120.100 Personnel transition; benefits.

A. The board of supervisors shall adopt a personnel transition plan as set forth in Section 101850(w).

B. In the event the hospital authority elects to hire personnel in preparation for the transfer of the maintenance, operation, administration and management of the medical center prior to the execution of formal written agreements that provides for such transfer, those employees shall be eligible to participate in the County Employees Retirement System pursuant to Section 101850(s) and applicable law.

C. A transfer of functions from county employee classifications to the hospital authority prior to the transfer of the maintenance, operation, administration and management of the medical center, if any, shall result in the

recognition of affected employee organizations pursuant to Section 101850(v) and the operation of the memorandum of understanding the   n effect at that time pursuant to Section 1   °50(x). (Ord. 98-56 § 1 (part))

## 2.120.110 Bylaws.

A. The board of supervisors shall adopt a set of bylaws for the hospital authority that supersedes the existing bylaws of the medical center. The bylaws shall become operative upon approval by a majority vote of the board of supervisors. Any changes or amendments to the bylaws shall be by majority vote of the board of supervisors.
B. The bylaws shall provide, in detail, for the operation of the hospital authority, and shall contain articles pertaining to, at minimum, the following areas:
1. Structure of the medical center;
2. Mission and purposes of the Alameda County Medical Center;
3. Qualifications for membership on the hospital authority board of trustees;
4. Composition and term of office;
5. Vacancies and removal;
6. Compensation;
7. Conflict of interest;
8. Duties and responsibilities of board of trustees members;
9. Powers and duties of the hospital authority;
10. Meetings;
11. Committees;
12. Officers;
13. Medical staff;
14. Indemnification;
15. Amendment and review of bylaws. (Ord. 98-56 § 1 (part))

## 2.120.120 Conflicts of interest.

The hospital authority and its officers shall conduct activities in a manner that is in conformity with the laws of the state of California as they pertain to conflicts of interest, including, but not limited to, the following:
A. Political Reform Act. The hospital authority shall adopt and promulgate a conflict of interest code pursuant to the provisions of the Political Reform Act of 1974, and shall be submitted to the Fair Political Practices Authority or other appropriate code reviewing body within six months of the date the hospital authority came into existence pursuant to the effective date of the ordinance codified in this chapter. Each member of the hospital authority governing board is subject to the provisions of the Political Reform Act, and will be required to execute a "statement of economic interests" in a manner consistent with the Act and the conflict of interest code.
B. Financial Interests Involving Contracts. Each member of the hospital authority governing board shall be subject to the provisions of the California Government Code (Section 1090, et seq.) relating to personal financial interests in contracts made by the hospital authority.
C. Common Law Conflict of Interest. Each hospital authority governing board member and officer shall discharge his or her duties with integrity and fidelity and may not let private interests influence public decisions.
D. Incompatible Activities. Hospital authority members and officers may be subject to the provisions of the California Government Code (Section 1125, et seq.) pertaining to activities for compensation which are incompatible with the duties connected to the hospital authority. (Ord. 98-56 § 1 (part))

<< previous | next >>

| | |
|---|---|
| License: | 140000046 |
| Effective: | 07/01/2007 |
| Expires: | 06/30/2008 |
| Licensed Capacity: | 475 |

# *State of California*
# *Department of Health Services*

In accordance with applicable provisions of the Health and Safety Code of California and its rules and regulations, the Department of Health Services hereby issues

## this *License* to

### Alameda County Medical Center

to operate and maintain the following General Acute Care Hospital

## ALAMEDA COUNTY MEDICAL CENTER
### 1411 EAST 31ST ST.
### OAKLAND, CA 94602

## FAIRMONT CAMPUS
### 15400 FOOTHILL BLVD.
### SAN LEANDRO, CA 94578

**Bed Classifications/Services**
236  General Acute Care
20  Intensive Care
17  Perinatal Services
8  Intensive Care-Newborn Nursery
191  Unspecified General Acute Care

**Other Approved Services**
Basic Emergency
Dental Services
Mobile Unit - MRI
Nuclear Medicine
Occupational Therapy
Outpatient Services
Physical Therapy
Respiratory Care Services
Social Services

(Additional Information Listed on License Addendum)

Sandra Shewry
DIRECTOR                    Julieta L. Ramirez                    (AUTHORIZED REP.)

Refer Complaints regarding these facilities to: The California Department of Health Services, Licensing and Certification, East Bay District Office, 850 Marina Bay Parkway, Building P, 1st Floor Richmond, CA 948046403, (510)620-3900

POST IN A PROMINENT PLACE



# State of California
## Secretary of State

FILED
In the office of the Secretary of State
of the State of California

MAY 0 1 2006

(Office Use Only)

## STATEMENT OF FACTS
### ROSTER OF PUBLIC AGENCIES FILING
(Government Code Section 53051)

Instructions:

1. Complete and mail to: Secretary of State, P.O. Box 942877, Sacramento, CA 94277-0001 (916) 653-3984

2. A street address must be given as the official mailing address or as the address of the presiding officer.

3. Complete addresses as required.

4. If you need additional space, please include information on an 8½ X 11 page.

New Filing ☐    Update ☒

Legal name of Public Agency:  ALAMEDA COUNTY MEDICAL CENTER

Nature of Update:  OFFICER CHANGE OF OFFICERS: NEW MEMBER: TWO MEMBERS RESIGNED

County:  ALAMEDA

Official Mailing Address:  1411 E. 31ST STREET, OAKLAND CA 94602

Name and Address of each member of the governing board:

Chairman, President or other Presiding Officer (Indicate Title):  PRESIDENT
Name:  J. BENNETT TATE    Address: 6216 THORNHILL DR., OAKLAND CA 94611

Secretary or Clerk (Indicate Title):  CLERK OF THE BOARD
Name:  BARBARA MILLER-ELEGBEDE    Address:  1411 E. 31ST STREET, OAKLAND 94602

Members:

| Name: | | Address: | |
|---|---|---|---|
| Name: | J. BENNETT TATE | Address: | 6216 THORNHILL DR., OAKLAND 94611 |
| Name: | STANLEY SCHIFFMAN | Address: | 120 NORWICH RD., ALAMEDA, CA 94611 |
| Name: | DANIEL BOGGAN, JR. | Address: | 1969 BYWOOD DRIVE, OAKLAND, CA 94602 |
| Name: | FLOYD HUEN, MD | Address: | 2181 BRAEMER RD., OAKLAND, CA 94602 |
| Name: | ILENE WEINREB | Address: | 65 HILLER DR., OAKLAND, CA 94613 |

Date:  APRIL 27, 2006

Signature BARBARA MILLER-ELEGBEDE
CLERK OF THE BOARD
Typed Name and Title

SEC/STATE NP/SF 405 (REV. 03/2005)

11. Page 2

ALAMEDA COUNTY MEDICAL CENTER                    05/01/06                    PG 2 of 2

STATEMENT OF FACTS
ROSTER OF PUBLIC AGENCIES
(ADDITIONAL MEMBERS)

NAME                              ADDRESS

JOE PHAN                  3598 YELLOWSTONE COURT, PLEASANTON, CA 94588

BARBARA PRICE             1047 TAHITI LANE, ALAMEDA, CA 94502

RICHARD WARREN            42718 WEIGAND COURT, FREMONT, CA 94539

RON NELSON                1460 LINCOLN STREET, BERKELEY, CA 94702

DR. THEODORE ROSE         6025 LASALLE AVENUE, OAKLAND, CA 94611



### State of California
### Department of Health Services
### License Addendum

| | |
|---|---|
| License: | 140000046 |
| Effective: | 07/01/2007 |
| Expires: | 06/30/2008 |
| Licensed Capacity: | 475 |

FAIRMONT CAMPUS
15400 FOOTHILL BLVD.
SAN LEANDRO, CA 94578

**Bed Classifications/Services**
50   General Acute Care
50   Rehabilitation Center

**Other Approved Services**
Audiology
Dental Services
Occupational Therapy
Outpatient Services
Physical Therapy
Social Services
Speech Pathology

JOHN GEORGE PAVILION/HIGHLAND D/P APH
2060 FAIRMONT DRIVE
SAN LEANDRO, CA 94578

**Bed Classifications/Services**
80   Acute Psychiatric

ALAMEDA COUNTY MEDICAL CENTER D/P SNF
15400 FOOTHILL BOULEVARD
SAN LEANDRO, CA 94578

**Bed Classifications/Services**
109   Skilled Nursing

This LICENSE is not transferable and is granted solely upon the following conditions, limitations and comments:
Consolidated license
MRI in Building K
SNF beds located in areas B1,B2,B3,B4         URGENT CARE CENTER

Refer Complaints regarding these facilities to: The California Department of Health Services, Licensing and
Certification, East Bay District Office, 850 Marina Bay Parkway, Building P, 1st FloorRichmond, CA 948046403,
(510)620-3900



1  GREG J. ROCKWELL, ESQ. (SBN 67305)
   grockwell@bjg.com
2  JILL P. SAZAMA, ESQ. (SBN 214215)
   jsazama@bjg.com
3  BOORNAZIAN, JENSEN & GARTHE
   A Professional Corporation
4  555 12th Street, Suite 1800
   P. O. Box 12925
5  Oakland, CA  94604-2925
   Telephone: (510) 834-4350
6  Facsimile: (510) 839-1897

7  Attorneys for Defendant ALAMEDA
   COUNTY MEDICAL CENTER
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  JOHN HUTCHENS, ZAMORA MOTON,        )    Case No.:  07 CV 5600 SBA
    and Baby S.A., by John F. Hutchens, next )    Related case:  06 CV 06870 SBA
12  friend,                             )
                                        )    [PROPOSED] ORDER GRANTING
13              Plaintiffs,             )    MOTION TO DISMISS COMPLAINT
                                        )
14  vs.                                 )    Date:  Tuesday, March 25, 2008
                                        )    Time:  1:00 p.m.
15  ALAMEDA COUNTY MEDICAL CENTER, )    Dept.  Courtroom 3, 3rd Floor
    and DOES 1-20,                      )
16                                      )
                Defendants.             )    Complaint filed:  November 2, 2007
17                                      )
                                        )
18  _____)

19        The above-referenced matter came on regularly for hearing on March 25, 2008 at 1:00 p.m.

20  in Courtroom 3, 3rd floor of the above-captioned Court in Oakland, the Hon. Saundra Brown

21  Armstrong presiding. Jill P. Sazama, Esq. appeared on behalf of defendant and moving party

22  ALAMEDA COUNTY MEDICAL CENTER, Frances S. Kaminer, Esq. and/or Walter K. Pyle,

23  Esq. appeared on behalf of plaintiff JOHN HUTCHENS, and David J. Beauvais, Esq. appeared on

24  behalf of plaintiff ZAMORA MOTON.

25        The Court having considered the moving papers submitted by defendant, all opposition

26  thereto, and good cause appearing, IT IS HEREBY ORDERED:

27

28                                       -1-

ORDER GRANTING MOTION TO DISMISS COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. C07-05600

1    That defendant's Motion to Dismiss to the Complaint is GRANTED _____

2   leave to amend.  If the Motion is GRANTED with leave to amend, plaintiff shall have ___ days

3   after service of this order by the court to file and serve an amended complaint.

4   IT IS SO ORDERED.

5

6   DATED: _____

7                                                    By: _____
                                                           SAUNDRA BROWN ARMSTRONG
8                                                          UNITED STATES DISTRICT JUDGE

9   24981\422337

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    -2-
    ORDER GRANTING MOTION TO DISMISS COMPLAINT
    *John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. C07-05600

**PROOF OF SERVICE BY ELECTRONIC SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, at the above-referenced business location, I served the **ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME, REQUEST FOR JUDICIAL NOTICE, EXHIBIT 1, AND [PROPOSED] ORDER** on the below-named party and caused said document to be transmitted using ECF as specified by General Order No. 45 to the following party:

Frances S. Kaminer, Esq.                    **Attorneys for Plaintiffs**
Walter K. Pyle, Esq.                        **JOHN F. HUTCHENS, SAMORA MOTON,**
LAW OFFICES OF WALTER K. PYLE              **and BABY S.A., by John F. Hutchens**
2039 Shattuck Avenue, Suite 202
Berkeley, CA 94704
Telephone:  510-849-4424

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on February 19, 2008.

_Carmen Kalt_
Carmen Kalt

24981\421502

ALAMEDA COUNTY MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS ALL
CAUSES OF ACTION IN THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case no. 07 CV 5600 SBA