Frances S. Kaminer (CA Bar # 108003)
Walter K. Pyle (CA Bar # 98213)
LAW OFFICE OF WALTER K. PYLE
2089 Shattuck Avenue, Suite 202
Berkeley, California 94704
Telephone: (510) 849-4424

Attorneys for Plaintiffs John F. Hutchens and Baby S.A.

David J. Beauvais (CA Bar # 84275)
LAW OFFICE OF DAVID J. BEAUVAIS
1904 Franklin Street, Suite 800
Oakland, California 94612
Telephone: (510) 832-3605
Facsimile: (510) 832-3610

Attorney for Plaintiff
Zamora Moton

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. HUTCHENS, ZAMORA MOTON, and BABY S., by JOHN F. HUTCHENS, next friend,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY MEDICAL CENTER and DOES 1-20,<br><br>Defendants. | No. C 07-5600 SBA<br><br>**AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Jury Trial Demanded |

    Plaintiffs John F. Hutchens, Zamora Moton, and Baby S.A., by John F. Hutchens, next friend, allege as follows:

AMENDED COMPLAINT      1

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331 and 1343 as an action arising out of a federal question and for the deprivation of federal civil rights..

2. The conduct upon which this suit is based occurred in this judicial district.

3. Defendants reside in this judicial district.

## PARTIES

4. At all times relevant to the facts described herein, Plaintiffs, John F. Hutchens and Zamora Moton were the natural parents and legal custodians of the minor plaintiff, Baby S.A.

5. Defendant Alameda County Medical Center is a local public entity organized under the laws of the State of California intimately connected in its dealings and holding itself out as a department of the County of Alameda.

6. Plaintiffs do not know the true names and capacities of the defendants sued herein as DOES 1 through 20. Plaintiffs are informed and believe and on that basis alleges that said DOES are each responsible in some manner for the injuries plaintiffs sustained herein and that each of the defendants is the agent, servant, or employee of the others in doing the acts complained of herein and acted within the scope of that agency or employment. Plaintiffs will amend their complaint to allege the identities of the DOES when ascertained.

7. In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee and in concert with each of the remaining defendants.

## STATEMENT OF FACTS

8. On November 4, 2005 plaintiff Moton gave birth to Baby S.A. at Highland Hospital in Oakland, California. Plaintiffs allege on information and belief that Highland Hospital is owned and managed by the defendant Alameda County Medical Center (hereinafter referred to as "ACMC").

9. ACMC administered drugs to Zamora Moton during the course of her treatment which

caused her to test positive for opiates. Based on the positive drug test, ACMC placed a "hold" on Baby S.A. and reported the test results to the Alameda County Department of Social Services.

10. Plaintiffs are informed and believe and on that basis allege that ACMC did not have consent to draw blood from Moton or Baby S.A. or conduct a drug screen for the presence of opiates or any other drug.

11. An Alameda County social worker, Rudolpho Hernandez, came to the hospital to investigate the case. Plaintiffs allege on information and belief, that Hernandez was informed that the hospital had prescribed codeine cough syrup to the mother, and that Baby S.A. tested negative for opiates, and Hernandez told the parents and the hospital that the matter was resolved and there was no need for a "hold" on the baby.

12. Hernandez asked the parents to inspect the Moton home Plaintiff Hutchens accompanied Hernandez to the apartment. Hernandez told Hutchens that everything was satisfactory. Plaintiff Hutchens returned to the hospital.

13. Thereafter, defendants at the hospital told the parents that a "hold" had again been placed on the baby, at the request of Hernandez, and restricted the parents' access to the baby and would not allow Moton to have the baby alone in her room. Hernandez did not return phone calls from the parents that day or throughout the weekend.

14. Moton was required to move out of her room and was given a small cot in the waiting room next to the nursery, and was not allowed visitors.

15. The following Monday when Hernandez returned Hutchens' phone call, Hernandez told him that he had reconsidered his decision to release the baby after he had reviewed Moton's history with Alameda County Social Services, and stated further that there would be what he termed a "custody hearing" to determine the fate of the baby. Hernandez arranged for the "hearing" that afternoon. Hutchens and Moton attended the "hearing," which was held at the office of Alameda County Social Services.

16. Hernandez stated at that meeting the he had investigated the report of a positive drug test from the mother, but that the hospital had prescribed drugs to the mother, and he had no further concerns about substance abuse. Hernandez further stated that he had reviewed the agency

AMENDED COMPLAINT                                                                                                          3

files on the mother and found a report of what he termed "assaultive behavior" by the mother towards an unnamed social worker some six years earlier, and that he had considered her "arrest record," and then placed a "hold" on the baby. Hernandez acknowledged he had no grounds to assert that plaintiff Hutchens was in any way unqualified to have custody of the baby. Hutchens protested the interference with the parents' right to the care and custody of their baby without government interference.

17. Thereafter, Hernandez and Alameda County Social Services released the "hold" on the baby and the parents were allowed to take the baby home from the hospital.

18. Baby S.A. was seized and detained without a warrant and without an adequate investigation. No warrant or court order for the seizure or detention of Baby S.A. was sought or obtained, and no emergency existed which would justify his seizure or detention by defendants herein, which seriously interfered with the custodial and familial relationship between parent and child, and was in violation of the Fourth and Fourteenth Amendments, the California Welfare and Institutions Code and applicable regulations. Based on information and belief, plaintiffs allege defendants herein conspired with, acted in concert and unlawfully cooperated with Hernandez and Alameda County Social Services in the unlawful seizure and detention of the baby without due process of law, and that defendants herein did not have legal grounds to seize or detain the baby. Defendants also refused the parents' request to take appropriate steps to release their baby, even though they were holding the baby without a warrant or other legal process.

## STATEMENT OF DAMAGES

19. As a direct and proximate result of the incident alleged in this complaint, plaintiffs sustained injuries and damages including, but not limited to: pain, suffering, injuries to their bodies, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to their general damage in an amount according to proof.

20. In doing the things alleged herein, defendants acted willfully and maliciously and with oppression and in reckless or callous disregard of the plaintiffs' rights justifying an award of punitive damages in accordance with proof.

21. Plaintiffs have been compelled to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

**COUNT ONE**
Violation of Civil Rights
Title 42 U.S.C. Section 1983

22. Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 21 of this complaint.

23. In doing the acts complained of herein, defendants acted under color of state law to deprive plaintiffs as alleged herein, of constitutionally-protected rights including, but not limited to:

(a)  the right not to be deprived of liberty without due process of law;

(b)  the right to be free from unreasonable interference with parent-child relationships;

(c) the right to procedural due process;

(d) the right to be free from unreasonable searches and seizures; and

(e) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional well-being.

24. The seizure of Baby S.A. constituted part of a pattern and practice of the defendants to remove children from the custody of their parents without a warrant, without adequate investigation and without probable cause to believe that the children so removed are in imminent harm of physical injury or death and without probable cause to believe that the children are at risk of any abuse or neglect.

25. The routine drawing of blood or other bodily fluids from Moton and Baby S.A. constituted part of a pattern and practice of the defendants to conduct surreptitious non-consensual screenings for illicit drugs without probable cause or reasonable suspicion that such drugs have been used by the mother.

26. As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general damages as set forth in this complaint.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**COUNT TWO**
Violation of Civil Rights
California Civil Code § 52.1

27. Plaintiffs reallege and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 of this complaint.

28. In doing the acts complained of herein, defendants attempted to and did interfere with plaintiffs exercise of, and enjoyment of rights secured by the Constitution and laws of the United States and of the State of California.

29. As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general damages as set forth in this complaint.

Plaintiffs have been compelled to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to reasonable attorney's fees pursuant to California Civil Code § 52.1(h).

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**COUNT THREE**
Battery
(As to Plaintiffs Moton and Baby S.A. only)

30. Plaintiffs reallege and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 of this complaint.

31. In drawing blood from plaintiffs Moton and Baby S.A. without informed consent and without any medical diagnostic purpose but instead to determine surreptitiously whether Moton had abused illicit drugs, defendants violated the personal bodily integrity of both plaintiffs resulting in harm to plaintiffs' person and dignity.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**COUNT FOUR**
Intentional Infliction of Emotional Distress
(As to Plaintiffs Hutchens and Moton Only)

32. Plaintiffs reallege and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 of this complaint.

33. In doing the acts complained of herein, defendants' conduct was willful, extreme and outrageous and beyond all reasonable bounds of decency resulting in severe emotional distress.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**COUNT FIVE**
Negligence

34. Plaintiffs reallege and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 of this complaint.

35. Defendants' acts and omissions as described herein were performed without reasonable care to protect the rights of plaintiffs resulting in damages to plaintiffs as set5 forth in this complaint.

**COMPLIANCE WITH CLAIMS STATUTE**

36. Plaintiffs served defendants with California tort claim forms on May 2, 2006. The County of Alameda rejected the claims, but ACMC did not act on them. Plaintiffs assert that service of the tort claim on the County of Alameda constituted service on the defendant ACMC and that ACMC is estopped from asserting that said claims were ineffective to constitute notice under California law because ACMC and the County of Alameda hold themselves out to the public as a single entity and the activities of each are so intertwined that the conduct of each should be imputed to the other.

**JURY TRIAL DEMAND**

37. Plaintiffs demand a jury trial in this matter.

AMENDED COMPLAINT 7

**PRAYER**

**WHEREFORE**, plaintiffs prays for judgment against the defendants as follows:

1. General damages according to proof against all defendants;
2. Punitive damages according to proof against the individual Doe defendants;
3. Attorneys' fees pursuant to Title 42, U.S. Code § 1988 and California Civil Code § 52.1(h).
4. Costs of suit;
5. Appropriate injunctive relief; and
6. For such other and further relief as the court deems appropriate.

DATED: March 4, 2008

/s/ David J. Beauvais
DAVID J. BEAUVAIS
Attorney for Plaintiff
ZAMORA MOTON

DATED: March 4, 2008

/s/ Frances S. Kaminer
FRANCES S. KAMINER
Attorney for Plaintiffs
JOHN HUTCHENS and
BABY S.A.