GREG J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant ALAMEDA
COUNTY MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUTCHENS, ZAMORA MOTON, and BABY S.A., by John F. Hutchens, next friend,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY MEDICAL CENTER, and DOES 1-20,<br><br>Defendants. | Case No.: 07 CV 5600 SBA<br>Related case: 06 CV 06870 SBA<br><br>[AMENDED PROPOSED] **ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: Tuesday, April 29, 2008<br>Time: 1:00 p.m.<br>Dept. Courtroom 3, 3rd Floor<br><br>Complaint filed: November 2, 2007 |

I.    **BACKGROUND**

Defendant ALAMEDA COUNTY MEDICAL CENTER ("ACMC") moves to dismiss all causes of action in plaintiffs JOHN HUTCHENS, ZAMORA MOTON, and BABY S.A.'s ("Plaintiffs") Amended Complaint for Damages and Injunctive Relief (hereafter "Amended Complaint"). Plaintiffs' Amended Complaint asserts that ACMC violated Plaintiffs' civil rights and committed other state law injuries based on a protective "hold" that was placed on their then-newborn child by an Alameda County social worker, Rudolpho Hernandez. Plaintiffs have previously filed another lawsuit, which has been related to this one: *Hutchens, et al. v. Alameda County, et al.*, case no. 06-CV-06870 ("Related Action"). On the request of ACMC, judicial

-1-

notice is taken of the allegations in the complaints filed in the Related Case, as well as of the prior complaint in this case. Based on the allegations in the Amended Complaint and in the other Complaints filed in the Related Action, the following facts emerge.

Plaintiff Moton went to ACMC for the birth of her son, BABY S.A. He was born on November 4, 2005, a Friday. The day before she arrived at ACMC to give birth, Ms. Moton had been given cough syrup containing codeine by ACMC personnel. Sometime after she arrived at ACMC to give birth, her blood was tested for opiates, an act which she asserts was done without her consent. That test came back positive, and the Alameda County Department of Social Services was called. Plaintiffs have previously alleged that ACMC was required by law to contact social services once they received a positive test result. Social services then put a hold on BABY S.A.

Prior to the arrival of social services, however, it was determined that the cough syrup was the source of the positive test. ACMC personnel so informed Mr. Hernandez, the Alameda County social worker who responded to the call, when he arrived at ACMC. He was satisfied with the explanation, and that test result formed no basis for the events that followed.

Mr. Hernandez thereafter did an investigation of Plaintiffs and of the home BABY S.A. was to go to after release from the hospital. Based on this investigation, he instituted a temporary "hold" on BABY S.A.

Pursuant to that hold, ACMC personnel restricted Plaintiffs' access to their newborn, in that they allowed them to have only supervised visits with their child. Plaintiffs admit that they were not denied all access to their child.

Plaintiffs attempted to contact Mr. Hernandez over the weekend while the hold was in place, apparently in an attempt to get it lifted. They were unable to reach him.

The following Monday, a hearing was held at the Alameda County Department of Social Services. ACMC personnel were not present nor did they participate in this hearing. At the hearing, it was decided that the hold should be lifted. ACMC was informed that the hold had been lifted, and BABY S.A. was released into his parents' care.

Plaintiffs thereafter presented a claim to the County of Alameda pursuant to the California Tort Claims Act, Government Code section 900, et seq. They apparently did not present such a claim to ACMC. Instead they assert that presentment of the claim to the County of Alameda should operate as a presentment of such a claim to ACMC under an estoppel theory. They claim that the two public entities are intertwined and hold themselves out as indistinguishable public entities, such that presentment of a claim to one operates as presentment of a claim to the other.

Plaintiffs originally filed suit in the Related Action against the County of Alameda and Mr. Hernandez. However Plaintiffs did not name ACMC. Plaintiffs attempted in the Related Action to get the Court to deem ACMC a department or agency of the County of Alameda, such that service on the County of Alameda would operate as service on ACMC. Instead, the Court ordered Plaintiffs to add in any and all defendants to the Related Action by October 3, 2007. Plaintiffs did not do so. Instead, on November 2, 2007, Plaintiffs filed the instant suit.

Plaintiffs assert five "counts" against ACMC: a federal claim for violation of 42 U.S.C. section 1983 (count one), and four state law claims -- a claim for violation of California Civil code section 52.1 (count two), a claim for battery (count three), a claim for intentional infliction of emotional distress (count four) and a claim for negligence (count five).

ACMC asserts that Plaintiffs have failed to state a claim under 42 U.S.C. section 1983. As to the state law claims, ACMC asserts they are barred by Plaintiffs' failure to comply with the Tort Claims Act, and are barred by various state law immunities. ACMC also asserts that the Civil Code section 52.1 claim is insufficiently pleaded.

## II. LEGAL STANDARD

For the purposes of a motion to dismiss, a court must take all the factual allegations in the complaint as true. However the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III. ANALYSIS

### A. Section 1983 Claim

-3-

ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. C07-05600

Plaintiffs claim that ACMC violated their constitutional rights by (1) testing Plaintiff Moton's and BABY S.A.'s blood without consent or reasonable suspicion and (2) cooperating in the hold imposed by Mr. Hernandez. Neither claim is supported by the law. A public entity such as ACMC cannot be sued under section 1983 except for an alleged policy, pattern, or practice that violates a person's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). It bears no vicarious liability for the acts or omissions of, for example, its employees. "[T]o prevail on their § 1983 claims, plaintiffs must have sufficiently alleged that: (1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which '"amount[] to deliberate indifference"' to their constitutional rights; and (3) that these policies are the '"moving force behind the constitutional violation."'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681-682 (9th Cir. 2001). "The causation requirement of section 1983 is not satisfied by a showing of mere causation in fact. *See* W. Prosser, Law of Torts § 41 at 238-39 (4th ed. 1971). Rather, the plaintiff must establish proximate or legal causation." *Arnold v. Internat'l Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Defendant's acts must be the proximate cause of the injury. *Ibid.*

As to the second hold, Plaintiffs assert that ACMC has a policy, pattern or practice of seizing or detaining children, and that such practice constitutes a violation of their constitutional rights. However, Plaintiffs admit that the hold was imposed by Mr. Hernandez, who is an employee of the County of Alameda. ACMC and the County of Alameda are separate public entities. Cal. Health & Safety Code § 101850, subd. (j), Alameda County Ordinance O-98-56. Thus even assuming *arguendo* that Mr. Hernandez's decisions could constitute "policy" of any public entity, a point we do not decide here, his decision to impose the hold does not, and cannot, reflect the policy, pattern or practice of *ACMC*.

ACMC's actions were only to observe the hold that Mr. Hernandez imposed. ACMC's actions taken pursuant to that hold appear reasonably tailored to meet the requirements of that temporary hold. Plaintiffs were not denied all access to their newborn. Rather, they were allowed access under supervision. Given the hold that was in place, these actions do not themselves

support any constitutional liability on the part of ACMC. They certainly do not reflect any deliberate indifference to Plaintiffs' constitutional rights to familial association. ACMC's actions were not the moving force underlying the alleged constitutional violation, which is clearly the hold itself. Plaintiffs' section 1983 claim against ACMC arising out of the second hold

As for the testing of Plaintiff Moton's blood and that of her child without consent, this allegation was newly added by the Amended Complaint. Plaintiffs contend that the testing of Plaintiff Moton reflects a "pattern and practice" of conducting "surreptitious non-consensual screenings for illicit drugs without probable cause or reasonable suspicion."

The United States Supreme Court upholds such testing against a Fourth Amendment challenge "when 'special needs' other than the normal need for law enforcement provide sufficient justification." *Ferguson v. City of Charleston*, 532 U.S. 67, 74 n.7 (2001) (hereafter *Ferguson*). ACMC asserts that the testing done here was done in the context of proving Plaintiff Moton and her child with medical care in connection with the birth of BABY S.A. ACMC asserts that such testing is justified by the special need of ensuring a medically safe birth. ACMC further asserts there is no allegation that the testing was done for an improper purpose, such as for law enforcement purposes.

We agree. While the Supreme Court disapproved of drug screening on pregnant mothers where such testing was done for law enforcement purposes, the Court has repeatedly supported such testing where other legitimate needs justified such testing. The Court has upheld suspicionless, warrantless drug testing of, for example, high school students (*Vernonia School District 47J v. Acton*, 515 U.S. 646 (1995)) and customs officials (*National Treasury Employees Union v. Von Raab*, 489 U.S. 656 (1988)), because the special needs advanced by such testing supported these searches. Similarly, the Ninth Circuit has upheld suspicionless, warrantless searches of individual homes of government benefits recipients, again under a special needs analysis. *Sanchez v. County of San Diego,* 464 F.3d 916 (9th Cir. 2006).

Here, the testing was done in the context of providing medical care to Plaintiff Moton and her child. Drawing and testing the blood of an expectant mother is relevant to providing her with

-5-

ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. C07-05600

medical care. The presence of drugs (legal and otherwise) in the mother's system adversely affects the health of mother and child. This is not a hypothetical danger, but a concrete one. *Cf. Chandler v. Miller*, 520 U.S. 305, 318-319 (U.S. 1997). Knowledge of the presence of any such drugs is medically relevant to providing care for both mother and baby during birth. Even had the testing been done solely to ascertain whether mother and baby were at risk for child abuse or neglect, a proposition nowhere supported by the Amended Complaint, the United States Supreme Court has implicitly recognized that prevention of child abuse and neglect is a legitimate "special need" for such testing, provided such testing is not for law enforcement purposes. *Ferguson, supra*, 532 U.S. 67, 79-80.

This is not a case where toxicology screening was done for the purpose of assisting law enforcement. *Cf. Ferguson, supra*, 532 U.S. 67, 80-81 ( "physicians . . . , in the course of ordinary medical procedures aimed at helping the patient herself, come across information that under rules of law or ethics is subject to reporting requirements, which no one has challenged here."). There is no allegation that ACMC tested Plaintiff Moton to obtain criminal evidence, nor that it disclosed to law enforcement the results of the test. Plaintiffs also could not reasonably so allege. Cal. Penal Code § 11165.13.

Practical, less intrusive alternatives are few. *See, e.g., Sanchez v. County of San Diego, supra*, 464 F.3d 916, 827-28. One can readily imagine the birth occurring well before a warrant can be obtained. In the particular case of illegal drugs, a mother will not often admit to using drugs. And yet it is a fact well-known in the community that illegal drugs in the mother's system present serious health risks to both mother and child. Advance knowledge of such drug use can be critical to ensuring a safe and healthy birth.

The testing here does not reflect deliberate indifference to Plaintiffs' rights. ACMC had a special need to screen Ms. Moton's blood, and also a legitimate need to screen it for drugs, legal or otherwise. There is no allegations to support any inference that ACMC engaged in such testing for law enforcement purposes. ACMC was obliged by California law to report any positive tests for controlled substances. Cal. Penal Code § 11165.13; Cal. Health & Saf. Code § 123605.

-6-

ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. C07-05600

Moreover, once the test result was explained, ACMC personnel acted immediately to explain the result to Mr. Hernandez after he arrived at ACMC. Plaintiffs admit that this test result played no role in the hold that was later instituted. The facts as alleged show that ACMC's testing of Ms. Moton's blood for illicit drugs was done pursuant a special need to provide Ms. Moton and her child with medical care in the context of the birth of BABY S.A. This allegation cannot support a section 1983 violation against ACMC.

For the foregoing reasons, Plaintiffs section 1983 claims are dismissed.

### B.    State Law Claims

Plaintiffs' state law claims are all barred by Plaintiffs' failure to follow the requirements of the California Tort Claims Act. Cal. Gov. Code §§ 905, 905.2, 911.2, 945.4; *Dixon v. City of Turlock*, 219 Cal. App. 3d 907, 913 (Cal. Ct. App. 1990). Plaintiffs allegations make clear that they submitted a claim to the County of Alameda but not to ACMC. Plaintiffs' assert that submission of a claim to the County of Alameda should suffice to submit a claim to ACMC.

As previously set forth, California law has declared that ACMC and the County of Alameda are separate public entities. California law any government claim to a public entity be submitted to the governing board. Cal. Gov. Code § 915; *Munoz v. State of California*, 33 Cal.App.4th 1767, 1776 (Cal. Ct. App. 1995). The Court takes judicial notice of the fact that ACMC and the County of Alameda are governed by two separate and distinct boards. California case authority holds that presentment of a claim to one public entity does not operate as presentment of a claim to another. *See, e.g. Santee v. Santa Clara County Office of Educ.*, 220 Cal.App.3d 702, 713-714 (Cal. Ct. App. 1990). Plaintiffs claim that ACMC and the County of Alameda "holds themselves out" to the public as a single public entity, and that the activities of each are "so intertwined that the conduct of each should be imputed to the other." This is, however, a legal conclusion, belied by California law, by the County's Ordinance No. 0-98-56 and by other facts of which this Court can take judicial notice.

-7-

ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT
*John F. Hutchens, et al. v. Alameda County Medical Center* - Case No. C07-05600

Because Plaintiffs have failed to comply with the California Tort Claims Act, all of their state law claims are barred.[1] Therefore, ACMC's motion to dismiss as to these claims is granted.

### IV.  CONCLUSION

The Court having considered the moving papers submitted by ACMC, all opposition thereto, and good cause appearing, IT IS HEREBY ORDERED:

Defendant's Motion to Dismiss the Amended Complaint is GRANTED as to all causes of action alleged therein without leave to amend.

IT IS SO ORDERED.

DATED: _____

By:_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

24981\428055

---

[1] Because all state law claims have been dismissed for failure to comply with the Californai Tort Claims Act, the Court does not address ACMC's arguments regarding state law immunities and the sufficiency of the allegations in support of the Civil Code section 52.1 claim.

-8-