**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JOHN HUTCHENS, *et al.*, | No. C 06-06870 SBA |
| Plaintiffs, | **CONSOLIDATION ORDER** |
| v. | [Docket No. 75 (case #06-06870) (lead case); Docket No. 24 (case #07-05600)] |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY, *et al.* | |
| Defendants. | |

**REQUEST BEFORE THE COURT**

Before the Court is an *unopposed* Motion to Consolidate Cases filed by plaintiffs John F. Hutchens and Baby S.A., through his next friend, John F. Hutchens, in case 06-06870 [Docket No. 75] and the same *unopposed* motion, filed by the same plaintiffs, in related case 07-05600 [Docket No. 24], requesting the Court to consolidate these cases under Federal Rule of Civil Procedure 42(a). For the reasons discussed below, the Court GRANTS the unopposed motions. The Court also finds this matter suitable for disposition without a hearing, under Fed. R. Civ. P. 78(b).

**BACKGROUND**

On November 3, 2006, John F. Hutchens, Zamora Moton, and their minor child S.A., through his next friend John F. Hutchens, sued the Alameda County Social Services Agency, the Department of Children and Family Services (CFS), and a social worker, Rudolpho Hernandez, in his official capacity, in this Court, in case 06-6870 (the "6870 case"). *See* Docket No. 1-6870. Plaintiffs pled claims arising under California law and 42 U.S.C. § 1983, in connection with S.A.'s allegedly unlawful detention, by defendants, at or near his birth, at the Highland Hospital Alameda County Medical Center (the "Medical Center"). *See id.* At that time plaintiffs were all pro se.[1] *See id.*

On October 9, 2007, Hutchens, for himself alone, filed a motion in the 6870 case to join the

---

[1] It is unclear how S.A., through his next friend John F. Hutchens, was able to proceed pro se.

Medical Center under Federal Rule of Civil Procedure 19.[2]  *See* Docket No. 55-6870.  On November 2, 2007, the plaintiffs sued the Medical Center, in case 07-5600 (the "5600 case"), raising similar claims to those raised in the 6870 case, in connection with the same allegedly unlawful detention giving rise to that case.  *See* Docket No. 1-5600.  The 5600 case was assigned to Magistrate Judge Zimmerman.  *See id.* at 1.  Plaintiffs were represented by Frances S. Kaminer, Esq. and Walter K. Pyle, Esq.  *See id.*

On November 7, 2007, in the 6870 case, the Court granted a motion filed by Hutchens for himself and S.A., to substitute counsels Kaminer and Pyle for Hutchens.  *See* Docket No. 60-6870.  On November 17, 2007, in the 6870 case, the Court granted Moton's motion to substitute David J. Beauvais, Esq. for herself.  *See* Docket No. 65-6870.  On November 23, 2007, in the 5800 case, Magistrate Judge Zimmerman granted Moton's motion to substitute Beauvais for Kaminer and Pyle.  *See* Docket No. 5-5600.  On January 14, 2008, on the Medical Center's motion, the 5600 case was reassigned to Judge Jenkins.  *See* Docket No. 13.

On February 7, 2008, on Hutchens' and S.A.'s unopposed motions, the Court ordered the 6780 case related to the 5600 case.  See Docket Nos. 72-6870 and 18-5600.  On February 20, 2008, Hutchens and S.A. filed motions to consolidate the 6870 case [Docket No. 75-6870] and the 5600 case [Docket No. 24-5600], which have been unopposed.

A case management conference is set for April 29, 2008, in both cases.  See Docket Nos. 78-6870, 32-5600.  The Medical Center's motion to dismiss, in the 5600 case, is set for hearing on the same day.  *See* Docket No. 29-5600.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 42(a) states:

> (a) Consolidation.  If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or

---

[2]  This motion was not given a hearing date, and is apparently still pending.  The Court denies this motion as moot, in this order.

2

1           (3) issue any other orders to avoid unnecessary cost or delay.

2  Fed. R. Civ. P. 42(a).

3  ///

## ANALYSIS

These two cases involve the same plaintiffs. The defendants are related in that the County's social worker detained S.A. at the Medical Center. The same facts are at issue in both cases. The legal issues are the same or similar, in that plaintiffs allege the defendants and their agents worked together to violate plaintiffs' state and federal civil rights. Likewise, the relief sought is similar in both cases. Essentially, there is one case split into two. As a result, the Court will avoid an unnecessary duplication of labor and expense, and possibly conflicting results, if it consolidates these matters. Also, the motions are unopposed.

## CONCLUSION

Accordingly, the Court GRANTS plaintiffs Hutchens' and S.A.'s unopposed Motion to Consolidate Cases [Docket No. 75 in case 06-06870] and GRANTS their unopposed Motion to Consolidate Cases [Docket No. 24 in case 07-05600]. As a result:

(1) Case number 07-05600 is consolidated with case number 06-06870. Case number 07-05600 is CLOSED. The Clerk of Court is directed to CLOSE the case file for case number 07-05600. All dates and deadlines set in 07-05600 are VACATED. The dates and deadlines currently set in 06-06870 shall apply to all proceedings. Counsel are instructed that this consolidated action will be known as *Hutchens v. Alameda County Social Services Agency*, and all future filings shall be under Case Number 06-06870 SBA.

(2) The hearing set for April 29, 2008, at 1:00 p.m., in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California, 94612, for the Medical Center's motion to dismiss, in case number 07-05600, Docket No. 29, is CONTINUED to April 29, 2008, at 1:00 p.m., in the same location, and shall be heard under case number 06-06870.

(3) The Motion to join Alameda County Medical Center as a party to this case, Docket No. 55 in case number 06-06870, is DENIED as moot.

IT IS SO ORDERED.

1
2   April 4, 2008                                   _____
3                                                   Saundra Brown Armstrong
                                                    United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28